HARVEY M. ROUNSAVILLE V. WILLIAM R. HAZEN.

JUDGMENT LIEN, *Purchase Subject to — Notice — Occupying-Claimant Law.* A purchaser of real property bound by a judgment lien, of which he had knowledge at the time of the purchase, is not entitled to the benefit of the occupying-claimant act, against a purchaser at a judicial sale, in proceedings to enforce the lien

*Error from Shawnee District Court.*

THE material facts appear in the opinion. Judgment for plaintiff *Hazen*, at the January term, 1887. The defendant *Rounsaville* brings the case here.

*Wm. P. Douthitt*, and *C. M. Foster*, for plaintiff in error.

*Hazen & Isenhart*, for defendant in error.

Opinion by SIMPSON, C.: This was an action of ejectment, commenced by Hazen against Rounsaville in the Shawnee district court, and tried by a jury, resulting in a verdict for Hazen. The case was brought to this court, and affirmed. (33 Kas. 71.) Rounsaville then made an application to be accorded the benefit of the occupying-claimant act. The trial court, being then of the opinion that he was entitled to the value of his improvements, ordered the jury to assess the value. To such an order there was an exception saved. The jury made a report, and Hazen filed a motion to set aside the verdict on the ground and for the reason that the applicant was not entitled to the relief sought. The trial court found the following conclusions of fact:

"1. On and prior to November 21, 1872, one Elias Woodruff was the owner of lots 385 and 387, on Taylor street in the city of Topeka, in this county; on said day the said Elias Woodruff and wife conveyed by warranty deed the said lots to one J. Ward, which deed was duly acknowledged and recorded in the office of the register of deeds of this county on the 25th day of November, 1872.

"2. On January 14, 1873, the said J. Ward and wife conveyed said lots to Geo. M. Noble by general warranty deed

of that date, and said deed was duly acknowledged and re-corded in the office of the register of deeds of this county on January 16, 1873.

"3. On October 25, 1878, Geo . M. Noble and wife conveyed said lots by general warranty deed to said Harvey M. Rounsa-ville, and said deed was duly acknowledged and recorded in the office of the register of deeds of this county on December 30, 1878.

"4. On February 1, 1875, one Jeannette Butler recovered a judgment in the district court of this county against one Samuel F. Craig, and against Mary E. Craig and said Geo. M. Noble, in the sum of $1,423.    On December 2, 1875, there was realized out of the sale of the property of said Craigs the sum of $1,053.60, which amount was applied on the payment of said judgment, and thereby left a judgment against said Geo. M. Noble in the sum of $369.40.

"5. An execution was issued upon said judgment Decem-ber 4, 1879, by the clerk of this court, under the seal thereof, and delivered to the sheriff of this county, who returned said execution, 'No property found out of which to make the money upon said judgment or execution.'

"6. Another execution was issued out of this court upon said judgment, on September 1, 1881, by the clerk of this court, under the seal thereof, and delivered to the sheriff of this county, who returned said execution, 'No property found out of which to make said sum of money.'

"7. On February 6, 1882, another execution was issued upon said judgment by the clerk of this court, under the seal of this court, and which execution was delivered to the sheriff of this county; and on February 13, 1882, the said sheriff levied said execution upon lots Nos. 385 and 387, on Taylor street, in the city of Topeka, as the property of said Geo. M. Noble; and on the same day the sheriff caused said premises to be appraised, as required by law; said premises were ap-praised at two thousand dollars, and in that appraisement the buildings and all permanent improvements for which Rounsa-ville now claims pay, were included in said appraisement. Said property was advertised for sale under said levy and ap-praisement on March 20, 1882, as required by law, but no sale was made under this execution, for the want of bidders.

"8. On March 25, 1882, another execution was issued by the clerk of this court on said judgment, and delivered to the sheriff of this county, and by virtue of the levy and appraise-ment made under the former execution on the said lots num-

bered 385 and 387 on Taylor street in the city of Topeka, were advertised for sale by said sheriff in the manner provided by law, and sold at sheriff's sale April 29, 1882, to the defendant, William R. Hazen, for the sum of $1,334, he being the highest and best bidder for said property, and that sum being more than two-thirds of the appraised value of said property.

"9. Said sale so made was reported by the said sheriff to the court for confirmation, and on May 20, 1882, the sale so made was confirmed by the court, and the sheriff of this county was directed to make and deliver to Wm. R. Hazen a deed for said lots; on May 23, 1882, and in conformity with said sale and the confirmation thereof by the court, Chester Thomas jr., sheriff of this county, executed a sheriff's deed to Wm. R. Hazen for said lots, in due form of law, which deed was duly recorded in the office of the register of deeds of this county on the same day.

"10. After paying the amount due upon said judgment out of said sale there remained in the hands of the officer a surplus of $348; said amount is still in the hands of the clerk of this court, and Rounsaville, the defendant, has always refused to take said surplus money.

"11. Said William R. Hazen was the owner of said judgment at the time of said sale, the same having been assigned to him by said Jeannette Butler November 15, 1881.

"12. On May 26, 1882, William R. Hazen commenced an action in this court against said Harvey M. Rounsaville, who was then in possession of said lots 385 and 387 on Taylor street, in the city of Topeka, which action was in the nature of an action in ejectment; said suit was tried and decided in favor of Hazen and against Rounsaville, on August 7, 1883.

"13. In said action between Rounsaville and Hazen for the possession of said premises, the plaintiff Hazen relied upon his title to said premises derived by virtue of his sheriff's deed of May 23, 1882; defendant Rounsaville, in said action, relied upon his title derived from George M. Noble to said premises; in said action the defendant Rounsaville claimed to be an innocent purchaser of said premises, for the reason, as he claimed, the judgment had been satisfied of record at the time of his purchase of said premises from said Noble; that one of the issues in that case was, whether said Rounsaville was an innocent purchaser of said premises; that in that action that question was decided adversely to said Rounsaville.

"14. Said George M. Noble was in the actual possession of

said lots at the time of the rendition of the judgment against him upon which said lots were afterward sold to said Hazen.

"15. Immediately upon Rounsaville purchasing said lots from said Noble, he went into possession of said premises, and made lasting and valuable improvements thereon of the value of $1,100, and said improvements were made before the commencement of the action by Hazen against Rounsaville for the possession of said lots.

"16. The judgment of August 4, 1883, in favor of Hazen and against Rounsaville, for the possession of said premises, was taken by said Rounsaville to the supreme court, and on January 7, 1885, the said court affirmed the said judgment, and the mandate of said court was certified to this court, and thereupon the defendant Rounsaville filed his application to be allowed the benefit of the occupying-claimant act.

"17. The said Rounsaville made the lasting and valuable improvements on said lots mentioned and described in conclusion of fact No. 15, in good faith, and on the faith that the warranty deed made by Noble and wife to Rounsaville conveyed a good and perfect title to him, the said Rounsaville, free from incumbrances.

"18. The judgment rendered in this court February 1, 1875, against George M. Noble *et al.*, was a valid lien on said lots numbered 385 and 387 on Taylor street, in the city of Topeka, and said judgment continued to be a lien on said lots up to the time of the sale of said lots to Hazen; at the time of the levy of said execution, under which said sale was made, the sheriff levied upon said property as a whole, and the appraisers selected for the purpose of appraising said property under said execution appraised it as a whole, including the lots and improvements, and at the time of the sale the sheriff advertised and sold it as a whole.

"19. On August 12, 1886, a jury having been drawn, impaneled and sworn under the occupying-claimant act, for the purpose of assessing the value of the lasting improvements made on said lots by said Rounsaville, upon actual view, assessed the value of the lasting improvements so made at the sum of $1,100, and assessed the damages which the said land and tenements had sustained at nothing; and assessed the annual value of the rents and profits at $500; and assessed the value of the land and tenements at the sum of $700, exclusive of improvements, and the excess of improvements over rents and profits to be $600. Thereupon the plaintiff filed his certain motion to set aside assessments and valuation, for the reason

and on the ground that said Rounsaville, defendant, was not entitled to the benefit of the provisions of the occupying-claimant law."

To the finding of each of the foregoing conclusions of fact, the plaintiff and defendant each objected and excepted.

The court found the following conclusions of law:

"1. The defendant, Harvey M. Rounsaville, is not entitled to the benefit of the provisions of the occupying-claimant law.

"2. The issues are with the plaintiff, and against the defendant."

To the finding of each of the foregoing conclusions of law, the defendant objected and excepted. All exceptions were saved, and the case has been brought here to reverse the ruling denying to Rounsaville the value of his improvements, subject to the statutory deductions.

It was said by this court in the case reported in 33 Kas. 71:

"Rounsaville purchased the property *with a full knowledge of all the facts, and he cannot in any sense be considered as an innocent purchaser*, and neither is Hazen estopped by any of the facts disclosed, from maintaining this action.".

Then the naked question is: Can a party purchase real estate with a full knowledge that it is subject to a judgment lien, and under such circumstances that this court declares he cannot in any view be considered an innocent purchaser, and after the purchase make valuable improvements, and then claim as against a purchaser at a judicial sale enforcing the lien, the value of such improvements? It would seem that argument is not necessary to sustain a negative answer. He purchased the land with a knowledge of the existence of the lien, and of the legal consequences, in case of the non-payment of the judgment. Our statute is designed to protect a purchaser in actual possession, who is relying on the strength of his title, and who believes it to be good, and who had no knowledge at the time of his purchase of the adverse title. In this case the plaintiff in error purchased from Noble, and the judgment was against Noble, and that judgment was a lien on the property he purchased of Noble. It is

doubtful whether he is ousted by an adverse title; at all events, it would be totally subversive of the letter, spirit and practical operation of a most beneficent statute, to allow him to take advantage of it under the circumstances developed by the record in this case.    We have no hesitation in recommending that the ruling of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.