Godman v. Boggs.

CHARLES C. GODMAN, PLAINTIFF IN ERROR, v. CHARLES T. BOGGS, RECEIVER, DEFENDANT IN ERROR.

**Dormant Judgment: ISSUANCE OF EXECUTION.** An execution issued by the clerk of a district court upon a transcript of a judgment of a justice of the peace or county judge and delivered to the sheriff, and by him levied upon real estate, and afterwards, before the sale, returned unsatisfied by order of the creditor in execution, will prevent the judgment becoming dormant.

ERROR to the district court of Lancaster county. Tried below, before POUND, J. The case is cited in the opinion.

*Mason & Whedon*, for plaintiff in error, cited *Hibbard v. Weil & Kahn*, 5 Neb., 41. *Shellenbarger v. Biser*, 5 Neb., 195. Code, sec. 38. *Seager v. Burns*, 4 Minn., 141. *Daily v. Litchfield*, 10 Mich., 29. *Agard v. Valencia*, 39. Cal., 292. *Crosby v. Davis*, 9 Iowa, 98.

*Harwood & Ames*, for defendant in error, cited *Kegg v. The State*, 10 Ohio, 75 and note. *Patton v. Sheriff*, 2 Ohio, 395. *Shuee v. Ferguson*, 3 Ohio, 136. *Benham v. Corwin*, 2 Ohio State, 36–43. *Kellogg v. Griffin*, 17 Johns, N. Y., 273. *Dickman v. Cook*, 17 Johns, N. Y., 332. *Rickards v. Cunningham*, 10 Neb., 417.

MAXWELL, CH. J.

This is an action to enforce the specific performance of a contract for the sale of real estate. It is stated in the petition that Charles T. Boggs is the receiver of the Lincoln Building and Savings Association, and that on the 11th day of July, 1878, said association being the owner of lots 4, 5 and 6 in block 21, in the city of Lincoln, sold the same to Charles C. Godman, for the sum of $2,335.50 to be paid as follows: $535.50 on the 11th day of July, 1879, and upon said payment being made said Godman to receive from said corporation a warranty deed for said lots, and thereupon to execute three promissory notes as follows: one for six hundred dollars payable July 11th, 1880, one for six hundred dollars payable July 11th, 1881, and one for six hundred dollars payable July 11th, 1882, each bearing interest from date and secured by mortgage on said real estate. It is also stated that the plaintiff has tendered a warranty deed for said premises, which Godman has refused to receive.

To this petition Godman filed an answer in which he states in substance, that the lots in question were to be conveyed to him free from encumbrances upon the payment by him of the sum of $535.50, on the 11th day of July, 1879, and the execution of the notes and mortgage set forth in the petition; that on the 5th day of May, 1873, one Chapin, who was the owner of said premises, executed a mortgage on said real estate to said Building and Savings Association to secure the payment of certain indebtedness, which mortgage on the 29th day of January, 1874, was duly recorded; that on the 2nd day of March, 1874, the North-Western Paper Company recovered a judgment before a justice of the peace against said Chapin, for the sum of $59.85 and costs of said suit, and a transcript of said judgment was filed in the office of the clerk of the district court of Lancaster county, on the 11th day of August, 1874, and an execution duly issued thereon to the sheriff of said coun-

ty, which, on the 27th day of November, of that year, was returned wholly unsatisfied; that on the 21st day of July, 1874, one S. M. Boyd recovered in the probate court of said county a judgment against said Chapin, for the sum of $121.00 and costs, and a transcript of the same was duly filed, etc., on the 12th day of October, of that year, and an execution was issued on said judgment, which, on the 7th day of December, 1874, was returned unsatisfied; that on the 8th day of September, 1879, another execution was issued on said judgment and levied on the real estate in controversy and was afterwards by the sheriff, in obedience to the order of the owner, returned into court wholly unsatisfied; that on the 8th day of September, 1874, W. T. Seaman recovered a judgment in the probate court of Lancaster county against said Chapin, for the sum of $149.50 and costs, and a transcript of the same was duly filed, etc., and an execution was duly issued thereon on the 26th day of January, 1875, which was returned unsatisfied, and that afterwards, on the 12th day of July, 1879, another execution was issued on said judgment and levied on the premises in question and afterwards, in obedience to the directions of the owner thereof, was returned into court unsatisfied; that on the 20th day of April, 1875, the state of Nebraska recovered a judgment against said Chapin, in the district court of Lancaster county, for the sum of $500.00 and costs; that all of said judgments are still in full force and effect; that on the 4th day of August, 1875, the said Association commenced an action of foreclosure against said Chapin on said mortgage, but neither said Boyd, Seaman nor the North-Western Paper Company were made defendants; that the state of Nebraska was made a defendant and service duly had upon the governor, but no appearance was made in the action, and judgment rendered against the state by default, and the state was declared to have no lien on said premises; that afterwards a decree of

foreclosure was had and said premises sold under the decree and they were purchased by said Association, and that all the title possessed by said Association is derived from the sheriff's deed, etc.; that said several judgments are encumbrances on said premises, and on the 11th day of July, 1879, he tendered to said receiver the sum of $535.50 with interest, according to the terms of said contract, and offered to comply with all the conditions of said contract on his part to be performed, and demanded a deed, etc., but said Association and said receiver refused to pay off said encumbrances and refused to convey said premises free from the same; that said Association is insolvent and nothing could be recovered on a breach of warranty of said deed. The answer also contains a denial of "each and every allegation in the petition contained not herein expressly admitted."

The plaintiff in the court below demurred to the answer upon the ground that the facts therein stated did not constitute a defense. The demurrer was sustained and judgment rendered in favor of the Association for the sum of $1,550.00, and an order was made requiring Godman to accept the deed and execute the notes and mortgage as required by the contract, which he now assigns for error.

It is very clear from the record that Godman is entitled to a conveyance of the premises free from encumbrances. The question to be determined therefore is, whether or not the judgments in question are liens upon this real estate.

Sec. 477 of the Code of Civil Procedure provides that: "The lands and tenements of the debtor within the county where the judgment is entered, shall be bound for the satisfaction thereof, from the first day of the term at which the judgment is rendered; but judgments by confession, and judgments rendered at the same term at which the action is commenced, shall bind such lands only from the day on which such judgments are rendered.

. Godman v. Boggs.

All other lands, as well as goods and chattels of the debtor, shall be bound from the time they shall be seized in execution.''

Sec. 509 provides that : ''No judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been taken out and levied before the expiration of five years next after its rendition, shall operate as a lien upon the estate of any debtor, to the preference of any other bona fide judgment creditor ; but in all cases where judgment has been or may be rendered in the supreme court, and a special mandate awarded to the district court to carry the same into execution, the lien of the judgment creditor shall continue for five years after the first day of the next term of the district court, to which such mandate may be directed,'' etc.

Sec. 482 provides that : ''If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in a court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor.''

Sec. 561 provides that : ''In all cases in which judgment shall be rendered by a justice of the peace, the party in whose favor the judgment shall be rendered may file a transcript of such judgment in the office of the clerk of the district court of the county in which the judgment was rendered, and thereupon the clerk shall, on the day on which the same shall be filed, enter the case on the execution docket, together with the amount of the judgment and the time of filing the transcript.''

Sec. 562 provides that : ''Such judgment, if the transcript shall be filed in term time, shall have a lien on the real estate of the judgment debtor from the day of the

filing; if filed in vacation, as against the judgment debtor, said judgment shall have a lien from the day of the filing, and as against subsequent judgment creditors from the first day of the next succeeding term, in the same manner, and to the same extent, as if the judgment had been rendered in the district court."

Sec. 563 provides that: "Execution may be issued thereon to the sheriff by the clerk of the court, in the same manner as if the judgment had been taken in court, and the sheriff shall execute and return the same as other executions; and in the case of sale of real estate, his proceedings shall be examined and approved by the court, as in other cases."

Sec. 482 is substantially a copy of Sec. 101 of Swans Ohio Statutes of 1841. See *Kelly v. Vincent,* 8 Ohio State 418. The proper construction of this section was before the supreme court of Ohio in the case cited. And it was there held that taking a writ of execution from the clerk's office, by the judgment creditor or his attorney, and returning the same to the clerk, without delivering to the sheriff, is not suing out an execution within the meaning of the statute. The reasons assigned are that an execution is the command of the court, addressed to the ministerial officer in writing, directing him to execute the judgment of the court. But when an execution is issued to an officer, the law requires him to levy upon the goods and chattels of the judgment debtor, which are not exempt by law, and it is only in cases where no goods and chattels can be found, that the officer is authorized to levy upon real estate. The executions in the cases set up in the answer appear to have been properly issued and delivered to the proper officer, and the fact that they were levied upon the premises in controversy, is sufficient to justify the presumption that no goods and chattels of the judgment debtor could be found whereon to levy, the presumption being that the officer

performed his duty in the premises. The execution being thus levied upon real estate, so heavily encumbered that nothing would in all probability be realized in satisfaction of the judgment by offering the same for sale, the creditor may order the execution returned and save unnecessary expense. In such case the execution has been sued out within the meaning of section 482, and the lien of the judgment is continued. If it is objected that the lien of a judgment could be continued thus indefinitely, it is sufficient to say that the lien could be thus continued by repeated revivals, and suing out under the statute has the same effect. The judgment in favor of the North-Western Paper Company appears to be dormant. There are not sufficient facts stated in the answer to enable us to determine whether the lien in favor of the state is still in force, but as to the other judgment liens set up in the answer, they are encumbrances upon said real estate. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.