GEORGE E. BARKER ET AL., APPELLANTS, V. ALBERT J. POTTER ET AL., APPELLEES.

FILED MAY 4, 1898.  No. 8020.

Attempt to Modify Statute. Where there was an abortive attempt by subsequent legislation to limit the operation of an existing statute, such statute must be deemed to have the force it would have possessed if no limitation of it had been attempted.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Affirmed.*

*B. N. Robertson,* for appellants.

*Warren Switzler, G. W. Doane, W. G. Doane, F. B. Tiffany, J. W. Carr, D. L. Johnson,* and *James A. Powers, contra.*

RYAN, C.

This action was originally brought by George E. Barker against several judgment creditors of Clifton E. Mayne, for the removal of the apparent liens of their judgments from certain real property, of which, at the time of the rendition of such judgments, the title of record appeared to be in Mayne, but of which property Barker averred that he was in fact the real owner. On a trial of the issues there was relief granted as prayed as to one tract and denied as to the others. We have carefully examined the evidence and find that it sustains the judgment of the district court in both respects above noted. As between Kate Bird Curtis and George A. Hoagland, there were issues as to which was entitled to a superior judgment lien on the tracts last above referred to. In the year 1888 three judgments had been recovered in the district court of Douglas county against Mayne. These were assigned to Kate Bird Curtis, and on February 1, 1894, she caused executions to issue on them, which executions, on the following day, were levied on the real estate, as to which relief was refused Barker as already noted. Of this property Kate Bird Curtis became the purchaser at sheriff's sale, and as such received a conveyance of it by sheriff's deed. In the interim between the rendition of these three judgments and the levy of the executions issued thereunder they were not suffered to become dormant, and, on the other hand, there was no levy of them until February 1, 1894, as above noted. On May 4, 1889, George A. Hoagland recovered judgment against Mayne in the aforesaid district court. On May 3, 1894, an execution issued on this judgment was levied on the property now claimed by Kate Bird

Curtis by virtue of her purchase at sheriff's sale. Between the rendition of this judgment and its levy, therefore, a period of five years did not elapse, and Hoagland claimed priority as against Kate Bird Curtis because she had suffered more than five years to intervene between the rendition of the judgments held by her and the levy of executions issued upon them. To sustain his position Hoagland cites section 509 of the Code of Civil Procedure, of which the language relied upon is as follows: "No judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been taken out and levied before the expiration of five years next after its rendition, shall operate as a lien upon the estate of any debtor, to the preference of any other *bona fide* creditor," etc.

In *Reynolds v. Cobb*, 15 Neb. 378, there was a statement, *arguendo*, which might have some bearing on this case if it had been made with reference to a point involved or considered in respect to the difficulty which now confronts us. As it was, it affords us no light and we must proceed independently of it. It is provided by section 477 of the Code of Civil Procedure: "The lands and tenements of the debtor within the county where the judgment is entered shall be bound for the satisfaction thereof from the first day of the term at which judgment is rendered," etc. The provisions of section 509, above quoted, may have been intended as a conditional limitation on the duration of the lien created by section 477, but if such was the intention, it was defeated by the use of the qualifying phrase, "to the preference of any other *bona fide* creditor." In the case at bar, Hoagland was a *bona fide* creditor. The levy on the executions held by Kate Bird Curtis was not made within five years from their rendition, and the statute in effect declares that in such case her judgments cannot operate as liens to the preference of Hoagland. Originally this statute contained the word "prejudice" where now occurs the word "preference," and it may have been by inadvertence that

the substitution of the one word for the other was brought about, but we find the word "preference" in the statute and cannot ignore it. We cannot endow the word "preference" with the meaning which inheres in the word "prejudice," merely that such forced construction may restrict the operation of the provisions of section 477. The conclusion which we reach on this branch of the case is that the judgments held by Kate Bird Curtis, and the execution sales thereunder, entitle her to a priority over George A. Hoagland, and accordingly the judgment of the district court is, in all respects,

AFFIRMED.