LESSERT & STEELE V. J. F. SIEBERLING & COMPANY ET AL.

FILED NOVEMBER 23, 1899.    No. 9,030.

1. **Judgment**: LIEN ON LAND SUBSEQUENTLY PURCHASED. Real property, purchased by a judgment debtor subsequent to the rendition of judgment against him, is subject to the lien of such judgment as soon as the title vests in the debtor.

2. ———: ———: VENDOR AND VENDEE. Purchasers from such judgment debtor, who have actual or constructive notice of the lien, take the property charged with the lien.

3. ———: ———: IMPROVEMENTS. Permanent improvements erected upon such property which partake of the character of realty, whether constructed by the judgment debtor or his grantees, are bound for the satisfaction of the judgment lien.

ERROR from the district court of Sheridan county. Tried below before KINKAID, J. *Affirmed.*

*Thomas L. Redlon,* for plaintiffs in error.

*W. W. Wood* and *Stewart & Munger, contra.*

SULLIVAN, J.

A transcript of a judgment recovered by Sieberling & Co. against Emily S. Hoyt and Edward B. Hoyt in the county court of Sheridan county was filed in the office of the clerk of the district court for said county, and entered upon the judgment record therein April 23, 1890. On June 28, 1892, Edward B. Hoyt purchased and became the owner of a vacant lot in the village of Rushville, to which the judgment attached as a lien, under the provisions of section 18, chapter 20, Compiled Statutes, 1899. This property was afterwards sold and conveyed to Lessert & Steele, who constructed upon it a large

store building which cost, with other improvements,
about $2,000. The Hoyts being insolvent, this action
was instituted by Sieberling & Co. to establish the lien
of their judgment against the lot conveyed to Lessert &
Steele, to have the amount and rank of other judgment
liens determined, and to have the property sold for the
satisfaction of all the liens against it. The several de-
fendants filed separate answers, and the cause having
been submitted upon the pleadings and evidence, the
court rendered judgment in accordance with the prayer
of the petition. Lessert & Steele complained of the de-
cision, and by this proceeding in error bring the record
here for review. They insist that the court erred in
awarding the plaintiffs a lien on the property for an
amount greatly in excess of its value at the time they
purchased it of Hoyt. They claim that, to the extent
they enhanced the value of the vacant lot by building on
it and otherwise improving it, their equity is superior
to that of the plaintiffs.

The question to be decided is neither novel nor diffi-
cult of solution. The governing principles are well es-
tablished. The plaintiffs' judgment became a lien on
the lot as soon as the title to the property vested in Hoyt.
See *Colt v. DuBois*, 7 Nebr., 391; *Berkley v. Lamb*, 8 Nebr.,
392; *Duell v. Potter*, 51 Nebr., 241. Lessert & Steele took
their conveyance with constructive notice of the lien,
and, for aught that appears to the contrary, with actual
notice. If they saw fit to improve the premises under
such circumstances, they can not well complain of the
action of the plaintiffs in enforcing their judgment
against the lot and the building which, by physical at-
tachment, had become a part of it. The general rule of
law, supported by numerous adjudications both in this
country and in England, is that, if the owner of real
estate build a dwelling or other structure thereon with
the intention of making it a permanent annexation to the
soil, such building becomes immediately parcel of the
land and subject to the liens and incumbrances existing

against the same.   This rule is held to be applicable to conscious wrong-doers, and it has been enforced even against strangers to the title who had expended money in making improvements in consequence of a mere mistake.   See *Bradley v. Osterhoudt*, 13 Johns. [N. Y.], 404; *Ogden v. Stock*, 34 Ill., 522; *Coombs v. Jordan*, 3 Bland Ch. [Md.], 284; *Webster v. Potter*, 105 Mass., 414; *Dame v. Dame*, 38 N. H., 429; *Ryall v. Rolle*, 1 Atk. [Eng.], 175; *Steward v. Lombe*, 1 B. & B. [Eng.], 505.   The ·precise question here presented for determination was decided adversely to the contention of the plaintiffs in error in *Rounsaville v. Hazen*, 39 Kan., 610, and in *Taylor v. Morgan*, 86 Ind., 295.   In the latter case it was said: "A purchaser of real estate must take notice of judgment liens, and if, in actual ignorance thereof, he purchases and makes valuable improvements, he can not, by paying upon the judgment the value of the property without the improvements, release the property from the lien of the judgment if not fully paid."   The same principle was declared in *Martin v. Beatty*, 54 Ill., 100. We know of no case sustaining the view for which Lessert & Steele contend.   The conclusion of the trial court is right, and its judgment is, therefore,

AFFIRMED.