Doane v. Dunham.

---

---

SAMUEL DOANE, APPELLANT, V. ELLEN DUNHAM ET AL., APPELLEES.

FILED MARCH 5, 1902.   NO. 11,273.

Commissioner's opinion, Department No. 2.

1. **Preponderance of Evidence.**  While proof by a preponderance of the evidence is all that is required of the plaintiff in any civil action, when a plaintiff seeks to overcome the presumption arising from the express terms of a conveyance and from the relations of the parties concerned therein, by parol evidence, much more certainty and conclusiveness are required than in ordinary cases.

2. **Parol Evidence: RESULTING TRUST.**  Parol evidence to establish a resulting trust, must be clear, unequivocal and convincing.

3. **Husband and Wife: GIFT: PRESUMPTION.**  Where a husband places the title to lands in his wife without consideration, whether by conveyance directly or by procuring conveyance to her by others, a gift is presumed.

APPEAL from the district court for Nuckolls county. Heard below before HASTINGS, J.  *Affirmed.*

*W. A. Bergstresser, Jefferson H. Broady* and *Isham Reavis,* for appellant.

*S. W. Christy* and *Cole & Brown, contra.*

POUND, C.

This action was brought to declare a resulting trust in certain lands alleged to have been purchased by appellant and conveyed by his direction to Sylvia A. Doane, his wife, now deceased, whose heirs at law are defendants and ap-

pellees.    The district court found for the defendants as to
the subject-matter of the present appeal, and decreed ac-
cordingly.

In our view, but one question is presented, namely,
whether the decree is sustained by the evidence.   Counsel
have argued that the pleadings make a narrower issue than
the existence or non-existence of a trust, and merely raise
the question whether appellant or his wife paid the pur-
chase money.   But although the answer alleges that the
wife furnished the funds, there is also a general denial,
under which the court might properly find an absolute
gift by the husband.    It is undoubtedly true that proof
of an issue by a preponderance of the evidence is all that
is required of a plaintiff in any civil action.   *Stall v. Jones,*
47 Nebr., 706; *Wylie v. Charlton,* 43 Nebr., 840; *Southard
v. Curley,* 134 N. Y., 148.    But this is not a fixed or un-
varying standard.    What would be sufficient to constitute
a preponderance of the evidence and to sustain a judgment
in an ordinary case might not suffice in another, where,
in addition to the burden resting upon the plaintiff in any
case, particular presumptions are to be overcome.    This
is especially true where a plaintiff seeks by parol evidence
to overcome the presumptions arising from the express
terms of a conveyance, or from the relations of the parties
concerned therein.    It is obvious that what would ordi-
narily suffice may fall far short of the requisite *quantum*
of proof in such a case, without in any degree infringing
the general rule that only a preponderance of the evidence
is demanded.    In consequence, while we we may not admit
the statements often to be seen in the books, that more
than a preponderance of the evidence is required to estab-
lish a trust, contrary to the purport of a written instru-
ment, by parol, and that the trust in such cases must be
proved beyond doubt, there is no occasion to repudiate or
to qualify what has become a commonplace of the books,
that the proof in such cases must be clear, unequivocal
and convincing.    2 Pomeroy, Equity Jurisprudence, sec.
1040; 1 Beach, Trusts, sec. 172; *Schade v. Bessinger,* 3

Nebr., 141, 144; *Deroin v. Jennings,* 4 Nebr., 97; *Names v. Names,* 48 Nebr., 701; *Klamp v. Klamp,* 51 Nebr., 17; *Veeder v. McKinley-Lanning Loan & Trust Co.,* 61 Nebr., 892. The very terms of the conveyance are evidence, and must be overcome. Hence much more certainty and conclusiveness are requisite than in ordinary cases. Indeed, it has been said that "Proof of trusts by parol is not regarded with favor by the courts." 2 Jones, Evidence, sec. 425. In the case at bar, moreover, appellant's burden was increased by the presumption which arises in any case where a husband places the title to lands in his wife without consideration. Whether this is done by direct conveyance, or by procuring a conveyance to her by others, can make no difference. In either event a gift is presumed. *Kobary v. Greeder,* 51 Nebr., 365; *Veeder v. McKinley-Lanning Loan & Trust Co., supra.* The district court found that appellant intended his wife to take the full beneficial interest. If, as there is much to indicate, he acted under a mistake of law in supposing that on his wife's death the property would pass to his daughter by a former wife, and not to collateral relations of the grantee, yet such mistake did not and does not constitute any legal ground for withdrawing his completed gift. Neither does it authorize us to impress the property with a trust which the parties themselves did not create.

We recommend that the decree be affirmed.

Barnes and Oldham, CC., concur.

By the court: For the reasons stated in the foregoing opinion, the decree of the district court is

                                        Affirmed.