ROBERT C. GLENN, APPELLANT, V. ARVILLA A. GLENN ET AL., APPELLANTS; STATE BANK OF DU BOIS ET AL., APPELLEES.

FILED MAY 10, 1907. No. 14,741.

1. Judgment: LIENS: PRIORITY. A judgment creditor who fails to have execution issued and levied before the expiration of five years next after the rendition of the judgment loses the priority of his lien as against other *bona fide* judgment creditors or purchasers.

2. ———: PURCHASER. A mortgagee of real estate is a purchaser within the meaning of the provisions of section 509 of the code.

APPEAL from the district court for Richardson county: WILLIAM H. KELLIGAR, JUDGE. *Reversed with directions.*

*Reavis & Reavis,* for appellants.

*A. J. Weaver, E. Falloon, John Gagnon* and *F. Martin,* contra.

JACKSON, C.

The action involves the priority of liens on real estate. The plaintiff claims under four mortgages, one recorded January 25, 1896, a second March 9, 1899, a third October 23, 1901, and a fourth on September 12, 1902. One defendant, the State Bank of Du Bois, claims under a judgment obtained in the county court, a transcript of which was filed in the district court on October 23, 1894. The defendants Ratekin and Musselman claim under a judgment rendered in justice court, a transcript of which was filed in the district court December 5, 1899; the de-

fendant Lore claims under a judgment rendered in the county court and transcript filed in the district court February 6, 1895. Execution was issued on the judgment in favor of the State Bank of Du Bois on September 29, 1899, and in February, May, and June, 1901, all of which were returned unsatisfied. On December 3, 1901, the bank caused an execution to issue on its judgment, and had the same levied on a portion of the real estate involved. Thereupon the plaintiff instituted an action in the district court for the purpose of enjoining the sale under the execution issued by the bank. The petition in that action, after reciting the plaintiff's interest in the property, the rendition of the judgment in favor of the bank, and the filing of transcript in the district court, charged that the judgment had become dormant because no execution was issued and levied for more than five years from the date of the judgment, and that the sale under the execution would cloud the title covered by the plaintiff's mortgage. A temporary injunction was obtained restraining the sale. The bank answered in that action, admitting the recovery of the judgment and the filing of the transcript; further admitting the issuance of the execution of December 3, 1901, and the levy thereunder; and alleged affirmatively the issuance of executions as of the dates already stated, and the return thereof unsatisfied. On May 11, 1904, a decree was entered therein dissolving the restraining order issued at the commencement of the action, and finding that the judgment was not dormant, but was a lien on the real estate prior to that of the plaintiff's mortgage. There was involved in that proceeding at least two of the mortgages under which the plaintiff now claims. The decree in the injunction proceeding became absolute by reason of a failure to appeal. Executions were issued on the judgment under which the defendants Ratekin and Musselman claim on May 20, 1901, and May 3, 1905, and returned without levy, wholly unsatisfied. Executions were also issued and returned without levy on the judgment under

which the defendant Lore claims, in February, 1895, April, 1899, and December, 1901. The judgment debtor, who was the mortgagor as well, died prior to the commencement of this action. His widow and daughter, an only child, survive. This action was instituted April 14, 1905. The plaintiff now takes the same ground with reference to all of the judgments as that taken in the injunction proceeding against the bank, that is, that the judgments are dormant, or have at least lost their priority over the mortgage liens, by reason of the failure to cause executions to be issued and levied within five years from the date. of the judgments. The widow, who claims a homestead right and dower interest in the real estate, and the daughter, who claims title by descent, take the same ground. The decree of the district court sustained the contention of the judgment creditors and revived the judgments as against the representatives of the deceased, the priority of all liens involved being determined and established from the dates of the several filings of the mortgages and judgment liens, the judgment liens being deferred to the homestead and dower rights of the widow. The plaintiff and the widow and daughter appeal.

The claim of appellants is that, in order to preserve the priority of a judgment lien over another *bona fide* judgment creditor or purchaser, the issuance of an execution must be accompanied by an actual levy. Two sections of the code are involved in the inquiry. In section 482 it is provided: "If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on. such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor." That portion of section 509 involved reads as follows: "No judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been

taken out and levied before the expiration of five years next after its rendition, shall operate as a lien upon the estate of any debtor, to the preference of any other *bona fide* judgment creditor (or purchaser)." In *Dorr v. Meyer*, 51 Neb. 94, it was held that a subsequent mortgagee of real estate is a subsequent purchaser thereof within the meaning of section 16, ch. 73, Comp. St. 1903, one of the provisions of the recording act. Under the rule there announced it would appear that a mortgagee should be held to be a purchaser within the meaning of the provisions of section 509 of the code. Unaided by any previous construction of sections 482 and 509, and giving to the language employed its ordinary meaning, it would seem that as against the judgment debtor, the issuance and return of an execution without levy is sufficient to prevent the judgment from becoming dormant, but, in order to preserve the priority of the judgment lien, it is necessary that an actual levy should be made. Section 509, as it is found in the Revised Statutes of 1866, provided: "No judgment heretofore rendered, or which hereafter may be rendered, on which execution shall have been taken out and levied, before the expiration of one year next after its rendition, shall operate as a lien upon the estate of any debtor to the prejudice of any other *bona fide* judgment creditor." Construing this provision in *Miller v. Finn*, 1 Neb. 254, 294, it was held: "This section of the code is explicit in itself, and, as regards a judgment on which execution has not been taken out and levied within one year next after its rendition, it is conclusive upon the creditor that his judgment shall not operate as a lien on the estate of the debtor to the prejudice of any other *bona fide* judgment creditor. The lien is effectually dead and gone, so far as respects the rights and interests of such other *bona fide* judgment creditor, and a levy and sale of the debtor's lands upon the judgment of such other *bona fide* judgment creditor passes the lands absolved and wholly discharged from the first lien." In the code of 1873 this provision is found amended to extend the limitation to five years, and the

word "preference" is contained in the section in lieu of
the word "prejudice," as it formerly existed.   In 1891
this section was further amended to include purchasers.
In *Godman v. Boggs*, 12 Neb. 13, it was determined that
an execution issued by a clerk of the district court upon
a transcript of a judgment of a justice of the peace or
county judge and delivered to the sheriff, and by him
levied upon real estate, and afterwards, before the sale,
returned unsatisfied by order of the creditor in execution,
would prevent the judgment becoming dormant, and that
in such case the execution had been sued out within the
meaning of section 482 and the lien of the judgment con-
tinued.   To the same effect is *Reynolds v. Cobb*, 15 Neb.
378.

The force of what appears to be the plain meaning of
section 509 is somewhat weakened by what is said in
*Barker v. Potter*, 55 Neb. 25.   From the statement of facts
in that case it appears that Kate Bird Curtis became the
assignee of certain judgments rendered in the district
court for Douglas county in 1888; that she had not suf-
fered the judgments to become dormant (presumably be-
cause executions were issued and returned, although it is
not so stated) ; that no actual levy was made until Febru-
ary 1, 1894, when she caused executions to issue and a
levy to be made upon certain real estate, which was sold
under the levy and bid in by her.   On May 4, 1889, George
A. Hoagland recovered judgment against the same debtor
in the district court, and on May 3, 1894, execution issued
on this judgment and was levied on the property claimed
by Kate Bird Curtis by virtue of her purchase at sheriff's
sale.   It will be observed that the levy of the execution
on the judgments held by Kate Bird Curtis was not made
within five years from the rendition of the judgments.
The learned commissioner who wrote the opinion in that
case, in sustaining the title of Kate Bird Curtis and dis-
posing of the claim of Hoagland made under the provis-
ions of section 509 of the code, said: "Originally this stat-
ute contained the word 'prejudice' where now occurs the

word 'preference,' and it may have been by inadvertence that the substitution of the one wo. d for the other was brought about, but we find the word 'preference' in the statute, and cannot ignore it. We cannot endow the word 'preference' with the meaning which inheres in the word 'prejudice,' merely that such forced construction may restrict the operation of the provisions of section 477. The conclusion which we reach on this branch of the case is that the judgments held by Kate Bird Curtiss, and the execution sales thereunder, entitle her to a priority over George A. Hoagland." This opinion is entitled to respectful consideration, but I find myself unable to agree with the conclusion there reached. Preference implies precedence or priority. A judgment lien is created by statute, and is destroyed by statute if its provisions requiring the taking out of an execution are not complied with. *Halmes v. Dovey,* 64 Neb. 122.

Section 477 of the code provides: "The lands and tenements of the debtor within the county where the judgment is entered, shall be bound for the satisfaction thereof, from the first day of the term at which judgment is rendered." But the lien is not made perpetual, and is subject to the limitations contained in the code. The legislature, having provided by law when and how a judgment may become a lien upon real estate, might well provide how the priority of such liens could be continued, and offer some inducement to diligent creditors. This appears to have been accomplished by the provisions of section 509 of the code; and, giving effect to that section, we hold that the priority of a judgment lien may be continued as against other *bona fide* judgment creditors and purchasers only by the issuance of an execution and an actual levy within the time limited by statute. The judgment creditors in this case, however, do not all stand upon the same footing in that respect. The priority of the lien held by the State Bank of Du Bois over two of the mortgages in suit was determined by the decree of May 11, 1904, and has become *res judicata.* The judgment liens

in suit should be held to be subordinate to the liens of the plaintiff's mortgages, except as above indicated, but effective as against the title of the daughter of the decedent.

It is recommended that the decree of the district court be reversed and the cause remanded, with instructions to enter a decree in conformity with the conclusion here reached.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded with instructions to enter a decree in conformity with the conclusion here reached.

REVERSED.