Madura v. McKillip.

JACOB MADURA, APPELLEE, V. PATRICK E. MCKILLIP,
APPELLANT.

FILED DECEMBER 29, 1924.  No. 22932.

1. **Evidence: WRITING: VALIDITY: BURDEN OF PROOF.** One who attacks the validity of a written instrument to which his name has been signed, either in his own handwriting or in the presence of witness by his mark, has the laboring oar and must overcome by competent evidence the presumption of its validity afforded by its proper execution and acknowledgment.

2. **Trial: INSTRUCTIONS: BURDEN OF PROOF.** In such a case, instructions which place the burden of proof of establishing the validity of the instrument upon the defendant relying upon the same, and which fail to instruct the jury that in case the evidence is equally balanced the plaintiff cannot recover, are erroneous.

APPEAL from the district court for Holt county: ROBERT R. DICKSON, JUDGE. *Reversed.*

*Albert & Wagner* and *W. J. Hammond,* for appellant.

*J. J. Harrington, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, GOOD and THOMPSON, JJ.

LETTON, J.

This is an action to recover a balance alleged to be due plaintiff on an oral contract for the sale of real estate. Plaintiff, who was the owner of 320 acres of land in Greeley county, alleges in substance that on September 20, 1919, he sold the same to defendant McKillip for $29,000, subject to a mortgage of $19,000; that $1,000 was to be cash in hand, $12,000 on or before March 1, 1920, and $16,000 by the conveyance to the plaintiff of 160 acres of land in Holt county, free and clear of incumbrance, which price was agreed upon by the parties. This agreement was to be reduced to writing by the defendant, who caused a writing to be prepared, falsely representing that it contained the terms of sale agreed upon. Plaintiff was unable to read or write English, was illiterate, and, relying upon the representa-

Madura v. McKillip.

tions of McKillip that the written contract contained the terms of the oral agreement, he signed it by his mark. The written contract, which is set out in full, provides that the north half of section 6, township 29, range 10, in Holt county, should be conveyed in part payment of the Greeley county land, the northeast quarter to be conveyed to plaintiff and the northwest quarter to the plaintiff's son, Albin Madura, the latter quarter subject to a mortgage of $4,000. It is alleged that plaintiff has performed the contract on his part, but that defendant has refused to pay $12,000 which became due March 1, 1920.

The defendant denies the making of any other than the written contract; alleges that pursuant thereto the deeds to both the Greeley county land of plaintiff and the Holt county land of defendant were deposited in a bank at Spalding, Nebraska; that plaintiff received and accepted two separate deeds, one running to himself as grantee and the other to his son Albin as grantee; that defendant purchased under and by virtue of the written contract, and has fully performed all his obligations thereunder; that plaintiff, at the time the deeds were delivered, paid defendant the sum of $172.80 in accordance with the written contract. It is also pleaded that plaintiff, having caused defendant to convey one quarter to his son for the agreed consideration of $12,000 above the $4,000 mortgage, is now estopped to deny the validity of the contract or of the conveyance.

The evidence on behalf of plaintiff is to the effect that he is 55 years old and was born in Poland. He cannot read nor write, and makes his mark when he signs papers. When he went to look at the Holt county land his son was with him. McKillip's agent, Fellers, then told him that his son was going to buy the other quarter. After looking at the land they went to McKillip's office. McKillip read the contract to him and he believed it was according to the agreement. He did not know the half section was included or he would have stopped the transaction. McKillip deposited $1,000 in the bank for him, but it was taken

to pay interest and taxes on the Greeley county farm he sold defendant. He also paid for taxes, interest, etc., $172.80. He furnished an abstract of title to his land, but McKillip, though he promised to do so, did not furnish an abstract to the Holt county land. There was a mortgage on the quarter he bought in Holt county, but he was not aware of the same until he was notified to pay the interest. This was not released until after this action was begun. The first he knew of the fraud, a neighbor to whom he showed the deed said there was $13,000 coming to him, and when plaintiff told him about the $1,000 left at the bank he said there was $12,000 still coming. On cross-examination he testified that McKillip, Fellers, John Kutlas, who was an agent for McKillip and a Polander, and his son Albin, went out to see the land, and that he told them he wanted only one quarter. Albin and Fellers were at the bank in Spalding afterwards at the time the deal was closed. The banker did not have two deeds and hand one to plaintiff and one to Albin. Albin went to Holt county with him for a ride and he was more with the agent than with him.

For the defendant, Albin Madura testified that he heard the conversation at the time the contract was made; that his father understood English pretty well; that McKillip read the contract first, and then Kutlas explained it to his father in Polish. The agreement was that his father was to have the improved quarter clear, and his father said he wanted the other quarter conveyed to the witness. On their return to Greeley county he heard his father say he was getting a quarter clear and that the witness was getting another quarter with a mortgage on it. Mr. Fellers corroborates him as to the transaction with McKillip, and also says that he was present when the settlement was made with plaintiff at the Spalding bank; that he had with him a complete statement of the matter, taxes, mortgage, and equity, and that he went over the statement with the banker and plaintiff, checking over all the items, and that Albin Madura was there. Madura asked the

banker if everything was all right, and he said it was, so Madura signed the deed. Madura paid the difference according to the statement. Madura then gave witness two deeds, and asked him to send them up to O'Neill to be recorded. The original statement was sent to McKillip and a copy was given to plaintiff. McKillip and Kutlas testified practically to the same effect. Howarth, the scrivener, said that he heard plaintiff say he would like to get a quarter of land for his boy. McKillip dictated the contract to the witness, who wrote it on the machine. Plaintiff and Albin Madura were in the room and could hear the dictation as well as the witness. The banker at Spalding testifies that plaintiff told him he had exchanged his place for a half section of land in Holt county; that he was getting a quarter with improvements, and that the other quarter with an incumbrance on it he was giving to his son, Albin, so that he would stay at home.

Considering the direct conflict between the testimony of plaintiff and that of the other witnesses, it was essential that the law with respect to the burden of proof be clearly and correctly stated to the jury. Instruction No. 4, after stating the plaintiff's contention as to the facts, concludes as follows: "If the plaintiff has, by a preponderance of the evidence, proved his contention as herein set forth, then your verdict will be for the plaintiff for $12,000, to which you will add and include interest at 7 per cent. from March 1, 1920, to November 14, 1921." Instruction No. 6, after stating the claim of defendant, that the written contract was the only one entered into, and that it had been fully performed, told the jury: "If you shall find that the defendant has proved the truth of his contentions by the evidence, then you will find for the defendant." Instruction No. 6, therefore, placed upon defendant the burden of proving the truth of his contention. Neither in instruction No. 4, nor in any other instruction, is the jury told that, in case the evidence is evenly balanced, the plaintiff cannot recover. Such an instruction is peculiarly necessary when plaintiff is seeking to set aside

Madura v. McKillip.

an instrument in writing on the ground of fraud, for, as has been said by this court:. " What would be sufficient to constitute a preponderance of the evidence and to sustain a judgment in an ordinary case might not suffice in another, where, in addition to the burden resting upon the plaintiff in any case, particular presumptions are to be overcome. This is especially true where a plaintiff seeks by parol evidence to overcome the presumptions arising from the express terms of a conveyance, or from the relations of the parties concerned therein. It is obvious that what would ordinarily suffice may fall far short of the requisite *quantum* of proof in such a case, without in any degree infringing the general rule that only a preponderance of the evidence is demanded." *Doane v. Dunham*, 64 Neb. 135. See *Bingaman v. Bingaman*, 85 Neb. 248. Instructions No. 7 and No. 8 are subject to the same infirmity: One who attacks the validity of a written instrument to which his name has been signed, either in his own handwriting or in the presence of witnesses by his mark, has the laboring oar and must overcome by competent evidence the presumption of its validity afforded by its proper execution and acknowledgment, and he is not entitled to recover unless he has done so.

This case has been tried twice, the jury disagreeing the first time, and rendering a verdict in favor of the defendant the second time. While we are reluctant to reverse a judgment under such circumstances, we are of the opinion that it was prejudicial error to fail to state that the plaintiff could not recover if the evidence was equally balanced, and also to place the burden of proof as to the validity of the written contract upon the defendant.

REVERSED.

Note—See Evidence, 22 C. J. secs. 22, 83—Trial, 38 Cyc. pp. 1749, 1751.