HAROLD E. HEIN, APPELLANT, v. THE W. T. RAWLEIGH
COMPANY, A FOREIGN CORPORATION, ET AL., APPELLEES.

92 N. W. 2d 185

Filed October 3, 1958. No. 34425.

*Addison & Stirtz,* for appellant.

*John L. Cutright,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The W. T. Rawleigh Company recovered a judgment against Edward H. Hein September 23, 1932, in the district court for Dodge County. The judgment was revived November 18, 1937, and an execution was issued and returned unsatisfied within each successive 5-year period thereafter to and including May 13, 1957. It is not shown that a levy was made of any of the executions and it is a permissible inference from the records that a levy of any one of the executions was not made by the sheriff of Dodge County.

Edward H. Hein and Hilda Hein were at the times of the transactions involved in this case husband and wife. Hilda Hein agreed to buy the real estate involved in this case and described as the southerly 80 feet of Lot 5 and the westerly 16 feet of the southerly 80 feet of Lot 6 in Block 66 of the original town, now city, of Fremont, Nebraska, and she paid $200 of the purchase price on the evening of February 20, 1946, when the agreement of sale and purchase was made. The transac-

tion was completed the following day, February 21, 1946, by Hilda Hein paying the balance of the purchase price and the seller and her husband executing and delivering a deed of the property to Hilda Hein which was filed for record on that day and recorded in the office of the register of deeds of that county. The deed was prepared by the attorney for the seller of the property and the transaction was consummated in his office. The deed named "Edward Hein and Hilda Hein, husband and wife, as joint tenants with right of survivorship and not as tenants in common" as grantees therein. The purchase price of the property was produced and paid by Hilda Hein to the seller February 21, 1946, the day the transaction was completed, except the $200 which was paid the previous day. The amount paid on February 21, 1946, was evidenced by a cashier's check of Stephens National Bank of Fremont for $5,768.57 issued February 21, 1946, to Hilda Hein. This amount was transferred to the bank by her from her savings account therein and in consideration thereof the cashier's check was issued and delivered to her. A cashier's check for $3,152.47 was issued February 21, 1946, to Hilda Hein by The Fremont National Bank of Fremont and charged to her deposit account in the bank. The cashier's checks were endorsed and delivered to the seller and she gave Hilda Hein her check for the difference, $154.94, between the balance Hilda Hein owed the seller and the total of the cashier's checks. Edward Hein for a recited consideration executed and delivered a general warranty deed of this property to Hilda Hein February 13, 1947, and it was that day filed and recorded in the public records of Dodge County.

The source of the funds used by Hilda Hein in the purchase of the property involved herein was as follows: The net proceeds of the sale by her of a residence property in which she and her husband lived as their home for many years. It was transferred to her July 16, 1932. It had a value of $4,600 and was encumbered

by a mortgage for $3,200. It was the homestead of Edward H. Hein and his wife. The exemption of $2,000 was greater than the equity in the property. Hilda Hein was engaged in conducting a cafe and beer tavern business in the Fremont Country Club for many years. She and her husband lived there and he assisted in any way he could. He had no business or other gainful occupation. She paid the mortgage indebtedness and thereafter sold the property in February of 1945. The deed to the purchaser was recorded March 3, 1945, and on that date she deposited in The Fremont National Bank $4,249.97. The father of Hilda Hein conveyed to her May 23, 1945, real estate in Fremont. She sold and conveyed it by deed dated January 5, 1946, to Emil E. Peterson and Zilla A. Peterson. She received the net consideration of the sale and conveyance, $5,157.07, from her real estate broker and she deposited it in her account in the Stephens National Bank January 28, 1946. The deposit accounts in the banks referred to were always in the name of Hilda Hein.

She entered into the actual physical possession of the property when she purchased it and made her home there until the time of her death. She had all the benefits and the burdens of ownership of the property. Hilda Hein died April 16, 1954, testate, a resident of Dodge County. Her will was admitted to probate and her estate was administered by the county court of that county. The will of the deceased devised the use of the real estate involved in this case to Edward H. Hein during his life and subject thereto she devised it in fee to her son, Harold E. Hein, the appellant herein. Edward H. Hein died on February 26, 1957.

Harold E. Hein commenced this litigation April 10, 1957. Alfred F. Christensen and May Griffin are named in the caption as defendants but jurisdiction of either of them was not acquired by service of process or appearance by either of them in the case. The contending parties are Harold E. Hein, appellant, and The W. T.

Rawleigh Company, appellee, and they will be referred to hereafter in that manner.

The relief sought by appellant was an adjudication quieting title to the real estate involved herein in him in fee and especially as against the alleged lien of the judgment of appellee against Edward H. Hein above described. The basis of the relief sought as asserted by appellant was that the judgment of appellee was obtained September 23, 1932; that no valid or effective execution was sued out thereon after November 8, 1947; that the judgment has been dormant since 5 years after that date; that the attempt of appellee to have an execution issued on the judgment July 17, 1951, was legally ineffective to prevent the judgment becoming dormant because nothing was done under it after it was made out conditionally and it was returned by the sheriff not in the exercise of his discretion but by direction of appellee; that the judgment is dormant and is not a lien on any part of the real estate concerned in this case; that the real estate was purchased and paid for by Hilda Hein with her personal and separate funds and estate and it was intended to be transferred to her only, but by mistake, inadvertence, and accident and without her knowledge until long after the deed was delivered and recorded, the deed by its terms conveyed the real estate to her and her husband as joint tenants; that no execution has been issued on the judgment and levied on the real estate or any part of it and because of this failure the judgment was not and is not a lien on the real estate to the preference of Hilda Hein, a bona fide purchaser thereof, or of appellant, her successor in interest and her devisee; that more than 5 years have elapsed since February 13, 1947, (the date of the deed from Edward H. Hein to Hilda Hein, his wife, for the real estate involved herein) and by lapse of time, operation of law, and the statute of limitations appellee is barred from asserting any judgment lien against the real estate or prosecuting any action to es-

tablish that its judgment against Edward H. Hein is a lien on the real estate; and that appellee has been guilty of laches because it deliberately and wrongfully delayed any attempt to enforce its judgment against the real estate until after the time Edward H. Hein, Hilda Hein, and others concerned in the transactions and matters affecting or apparently affecting the real estate who had knowledge of facts could have been witnesses for appellant if appellee had acted promptly and timely in the premises and that its laches are sufficient in equity to defeat any recovery of appellee against appellant or his real estate.

Appellee denied the claims and assertions of appellant and by cross-petition alleged the judgment of appellee recovered against Edward H. Hein, the additional accruals thereon, and the payments made on the judgment; that the judgment was revived November 18, 1937, and since then appellee has sued out executions thereon within each successive period of 5 years and the judgment was a valid, subsisting lien against the real estate owned by the judgment debtor during and since his lifetime; that the deed to the real estate involved herein was deliberately and intentionally made and taken in joint tenancy and without mistake, accident, or inadvertence and Edward H. Hein thereby acquired an undivided one-half interest in the real estate; that he, on the death of his wife, acquired by virtue of the deed the other undivided one-half thereof belonging to his wife; that the lien of the judgment upon the conveyance and death of his wife attached and has remained a lien as to the whole of the real estate; and that the deed of February 13, 1947, from Edward H. Hein to his wife, Hilda Hein, was made to hinder, delay, and defraud appellee in the collection of its judgment against the grantor therein and the deed is void as to appellee. It asked the court to find that appellant had no cause of action and that appellee go hence without day and recover its costs.

The district court found generally in favor of appellant and against appellee; that appellant was the owner in fee simple of the real estate involved herein and was entitled to a decree quieting title thereto except that his title to an undivided one-half of the real estate was subject to the judgment lien of appellee because of the judgment recovered by it against Edward H. Hein; that the lien of said judgment was valid and subsisting upon and against an undivided one-half of said real estate; that the fee simple title of appellant in an undivided one-half interest in the real estate should be and it was quieted and confirmed in him; and that appellee should be enjoined from claiming or asserting any right, interest, or title in or lien upon said undivided one-half interest in said real estate. A judgment was rendered in harmony with the findings. The motion of appellant for a new trial was denied.

Appellant alleged and now contends that the real estate involved was purchased by Hilda Hein and that the purchase price of it was paid by her with her individual and separate funds; that Edward H. Hein did not at any time own or have any interest therein; and that it was through mistake, inadvertence, or accident that the deed conveyed the real estate to Hilda Hein and Edward Hein jointly when it was intended that Hilda Hein should be the sole grantee named in the deed.

The record yields no proof that there was any mistake, inadvertence, or accident in the preparation or the terms of the deed. There was no evidence produced by appellant tending to show that the language of the deed and the persons named as grantees therein were not precisely as Hilda Hein directed and intended. The record does not establish that she did not freely and advisedly have her husband and herself named jointly as the grantees in the deed. Appellant had the burden of proving mistake, inadvertence, or accident in the respect claimed by clear, satisfactory, and convincing

evidence. The burden of proof as to mistake rests on the party who has the affirmative of the issue and to maintain it the proof must be clear and convincing.

Doane v. Dunham, 64 Neb. 135, 89 N. W. 640, declares: "While proof by a preponderance of the evidence is all that is required of the plaintiff in any civil action, when a plaintiff seeks to overcome the presumption arising from the express terms of a conveyance and from the relations of the parties concerned therein, by parol evidence, much more certainty and conclusiveness are required than in ordinary cases." In the opinion the court said: "It is undoubtedly true that proof of an issue by a preponderance of the evidence is all that is required of a plaintiff in any civil action. * * * But this is not a fixed or unvarying standard. What would be sufficient to constitute a preponderance of the evidence and to sustain a judgment in an ordinary case might not suffice in another, where, in addition to the burden resting upon the plaintiff in any case, particular presumptions are to be overcome. This is especially true where a plaintiff seeks by parol evidence to overcome the presumptions arising from the express terms of a conveyance, or from the relations of the parties concerned therein. * * * The very terms of the conveyance are evidence, and must be overcome. Hence much more certainty and conclusiveness are requisite than in ordinary cases."

In Bingaman v. Bingaman, 85 Neb. 248, 122 N. W. 981, the court stated: "While it is the rule in this state that a preponderance of the testimony is all that is required to sustain a finding in a civil case, still what constitutes a preponderance may vary largely according to the circumstances of each case. Where it is sought to set aside a written instrument, and more especially one which has been executed with the formality of being signed in the presence of witnesses and acknowledged before a notary public, the presumptions of validity and regularity attaching to such a document require clear

and convincing evidence to preponderate against them."
See, also, Madura v. McKillip, 112 Neb. 783, 201 N. W.
633.

The burden of appellant was increased by the presumption which arises in any case in which a spouse puts the title to property in the other spouse. The law indulges a presumption in such a situation that the property was a gift. Hoover v. Haller, 146 Neb. 697, 21 N. W. 2d 450, contains this language: "We have long followed the rule that where the parties are husband and wife, there is a presumption that the placing of title in the name of one spouse was intended by the other spouse as a gift. * * * This presumption has been applied not only to cases where the husband furnished the consideration but also to cases where the wife furnished all or the larger part of the consideration." See, also, Brodsky v. Brodsky, 132 Neb. 659, 272 N. W. 919; McCormick v. McCormick, 150 Neb. 192, 33 N. W. 2d 543; Peterson v. Massey, 155 Neb. 829, 53 N. W. 2d 912. The deed in the circumstances of this case is the best evidence of the intent and purpose of the parties thereto as to the interest conveyed and received.

It is argued by appellant that the judgment of appellee is dormant and is not a charge on the real estate of appellant, the devisee of Hilda Hein who it is asserted was a bona fide purchaser, because of the failure of appellee to have an execution issued and levied upon the real estate concerned. The judgment was rendered September 23, 1932. It was revived November 18, 1937. There was issued and delivered to the sheriff an execution on the judgment within each successive 5-year period thereafter to May 13, 1957, and each of the executions was returned unsatisfied by the officer. This case was commenced April 10, 1957, before the last execution was sued out. The record does not show that a levy was made of any execution.

If execution is not sued out within 5 years from the time of the judgment rendered in a court of record in

this state or if 5 years intervene between the date of the last execution issued thereon and the time of the issuance of another execution thereon, the judgment becomes dormant and ceases to be a lien on the real estate of the judgment debtor. The issuance of an execution on a judgment, directed and delivered to the proper officer, and his return of it is sufficient without a levy of it to prevent the judgment from becoming dormant. § 25-1515, R. R. S. 1943, which was code section 482, R. S. p. 473. In order to preserve the priority of the judgment lien as against a bona fide creditor or purchaser, it is required that an actual levy of the execution be made. § 25-1542, R. R. S. 1943, which was code section 509, R. S. p. 480.

Glenn v. Glenn, 79 Neb. 68, 112 N. W. 321, states: "Unaided by any previous construction of sections 482 and 509, and giving to the language employed its ordinary meaning, it would seem that as against the judgment debtor, the issuance and return of an execution without levy is sufficient to prevent the judgment from becoming dormant, but, in order to preserve the priority of the judgment lien, it is necessary that an actual levy should be made." See, also, Glissmann v. Happy Hollow Club, 132 Neb. 223, 271 N. W. 431; Filley v. Mancuso, 146 Neb. 493, 20 N. W. 2d 318; Hilton v. First Trust Co., 151 Neb. 99, 36 N. W. 2d 571.

The claim is also made by appellant that the execution issued July 17, 1951, was not effective to prevent the dormancy of the judgment during the period from November 8, 1947, when the immediately preceding execution was sued out on the judgment, to July 5, 1956, when the immediately subsequent execution was issued thereon. The execution issued July 17, 1951, was regular in all respects. It was issued by the clerk of the district court for Dodge County, directed to the sheriff thereof, delivered to him the date it was issued, and it was by him returned unsatisfied and filed in the office of the clerk 1 week after the date it was issued. The

claimed defect is that the sheriff recited in the return that "said writ is returned at the request of the plaintiff's attorney." There were two executions on the judgment which preceded the one of July 17, 1951. Each was returned unsatisfied for failure to find any goods or land belonging to Edward H. Hein. The same was true as to the two executions after the one challenged as insufficient. The first one thereafter stated it was returned because no property of the debtor could be found. Edward H. Hein was admittedly insolvent in 1932 and afterwards. He was encumbered by a number of judgments in addition to the one owned by appellee. The Legislature used the words "sued out" and "issued" interchangeably and synonymously. § 25-1515, R. R. S. 1943. This execution was issued and delivered to the sheriff. He had it a week and returned it unsatisfied. There is nothing to show that the request for its return was unreasonable or prejudicial to the rights of anyone. The law presumes that the officer did his duty. In Godman v. Boggs, 12 Neb. 13, 10 N. W. 403, the court said: "An execution issued by the clerk of a district court upon a transcript of a judgment of a justice of the peace or county judge and delivered to the sheriff, and by him levied upon real estate, and afterwards, before the sale, returned unsatisfied by order of the creditor in execution, will prevent the judgment becoming dormant." It was contended in that case that when an execution was issued to an officer, the law required him to levy upon the goods and chattels of the judgment creditor, which were not exempt, and that it was only in cases where no goods or chattels could be found that the officer was authorized to levy upon real estate. The court considered that challenge in this wise: "The executions in the cases set up in the answer appear to have been properly issued and delivered to the proper officer, and the fact that they were levied upon the premises in controversy, is sufficient to justify the presumption that no goods and chattels of the judgment debtor could be

found whereon to levy, the presumption being that the officer performed his duty in the premises. The execution being thus levied upon real estate, so heavily encumbered that nothing would in all probability be realized in satisfaction of the judgment by offering the same for sale, the creditor may order the execution returned and save unnecessary expense. In such case the execution has been sued out within the meaning of section 482, and the lien of the judgment is continued." See, also, Glenn v. Glenn, *supra;* Hilton v. First Trust Co., *supra.*

The action in which appellee recovered the judgment against Edward H. Hein was commenced July 15, 1932. The liability, the subject of the action, resulted from a contract made January 2, 1931. Edward H. Hein conveyed the real estate owned by him to Hilda Hein for a recited nominal consideration July 16, 1932, the day after the case was filed in the district court. The judgment against Edward H. Hein has been of record in the court since September 23, 1932. The deed from Edward Hein to Hilda Hein, his wife, for the real estate involved in this case bears date of February 13, 1947. The record does not show that there was any substantial consideration for it. The recitation in this respect in the deed is $1 and other valuable consideration. Appellant pleads that the deed was to correct the alleged, but not proven, error of mistake, inadvertence, and accident. The transaction in which the deed was given, under the circumstances of this case, was presumed to be fraudulent. Hilda Hein was not a good faith purchaser of the interest of her husband in the real estate. Campbell v. Ohio National Life Ins. Co., 161 Neb. 653, 74 N. W. 2d 546, states: "A good faith purchaser of real estate is one who buys it for a valuable consideration and without notice of a suspicious circumstance which would put a prudent man on inquiry."

Appellee contends that if the deed in joint tenancy conveyed an undivided half interest in the real estate to

Edward Hein with right of survivorship, the other half interest in Hilda Hein, his wife, reverted to Edward H. Hein on her prior death so as to subject the entire property to a lien of the judgment against him. Appellee concludes the judgment should be modified to the extent of adjudicating that the lien of the judgment attached to the whole of the real estate involved instead of to only an undivided half interest therein. This contention is not well founded. In Buford v. Dahlke, 158 Neb. 39, 62 N. W. 2d 252, it is said: "The creation as well as the continued existence of an estate in joint tenancy under the common law, which is allowed to exist in this jurisdiction, requires a unity of possession, a unity of interest, a unity of time, and a unity of title in all holding an interest in such estate. * * * Any act of a joint tenant which destroys one or more of its necessarily coexistent unities operates as a severance of the joint tenancy and extinguishes the right of survivorship." See, also, Whiteside v. Whiteside, 159 Neb. 362, 67 N. W. 2d 141; DeForge v. Patrick, 162 Neb. 568, 76 N. W. 2d 733; Campbell v. Drozdowicz, 243 Wis. 354, 10 N. W. 2d 158. The deed of Edward H. Hein of February 13, 1947, destroyed the unity of interest and the unity of title, and the joint tenancy and right of survivorship were then at an end.

Appellee argues that the pleading of appellant fails to state a cause of action to quiet title to real estate. The amended petition on which the case was tried described the property involved in this case; alleged plaintiff (appellant herein) was the owner thereof and he and his predecessors in title had been in the open, notorious, continuous, exclusive, and adverse possession thereof for more than 10 years before the commencement of the action; stated the facts concerning the judgment of appellee against Edward H. Hein; averred the judgment was dormant for failure to issue execution thereon as required by law; stated the judgment was not a lien on any part of the real estate because no execution

had been issued on the judgment and levied on the real estate since February 21, 1946; and set forth that more than 5 years had elapsed since that date and by reason thereof appellee was barred by the statute of limitations from prosecuting any act, asserting any judgment lien against the real estate, or prosecuting any action on the judgment against it. There were other allegations in the petition not necessary to be mentioned in this connection. The prayer was for an adjudication quieting title to the real estate in appellant. Section 25-21,115, R. R. S. 1943, declares that it is sufficient to state generally in a petition to quiet title that the defendant claims or appears to have some right or title to or lien upon the real estate but "No lien of record * * * shall be affected by such action unless it is particularly described, and payment or other legal reason for its cancellation, or that it is barred by limitation, is specifically alleged." The pleading of appellant complied with the statute. It alleged the judgment was dormant, was not a lien on the real estate by reason of the lapse of time and the statute of limitations, and that appellee was barred thereby from prosecuting any proceeding on the judgment against the property. A decree quieting title to real estate encumbered by a lien may be obtained on proper ground therefor such as the bar of the statute of limitations without alleging or proving payment thereof. The contention of appellee in this respect cannot be sustained.

The deed of February 21, 1946, conveyed the real estate involved herein to Edward Hein and Hilda Hein as joint tenants. Edward H. Hein became, contemporaneously with the delivery of the deed to the grantees, the owner of an interest therein as a joint tenant. In re McKelway, 221 N. Y. 15, 116 N. E. 348, L. R. A. 1917E 1143, declares: "Joint tenants, by reason of the combination of entirety of interest with the power of transferring in equal shares, are said to be seized per my et per tout, or by the half and the whole * * *."

In 48 C. J. S., Joint Tenancy, § 6, p. 930, it is said concerning the title of a joint tenant: "Each joint tenant is seized of the whole estate; he has an undivided share of the whole estate rather than the whole of an undivided share. Each tenant is said to hold per my et per tout, by the half and by the whole. The shares of interests of joint tenants are presumed to be equal * * *."

In 14 Am. Jur., Cotenancy, § 8, p. 81, appears this language: "In the ancient language of the common law, joint tenants were said to hold per my et per tout, or, as expressed in plain language, 'by the moiety or half and by the whole.' The true interpretation of this phrase seems to be that such tenants were seised of the entire estate for the purposes of tenure and survivorship, but of only a particular part or interest for the purpose of immediate alienation." See, also, Moskowitz v. Marrow, 251 N. Y. 380, 167 N. E. 506, 66 A. L. R. 870; Madden v. Gosztonyi Savings & Trust Co., 331 Pa. 476, 200 A. 624, 117 A. L. R. 904.

The judgment of appellee against Edward H. Hein became a lien on the interest of the judgment debtor in the real estate immediately upon the title thereto vesting in him. Lessert & Steele v. Sieberling & Co., 59 Neb. 309, 80 N. W. 900, says: "Real property, purchased by a judgment debtor subsequent to the rendition of judgment against him, is subject to the lien of such judgment as soon as the title vests in the debtor." See, also, Wollmer v. Wood, 119 Neb. 248, 228 N. W. 541.

The deed of Edward H. Hein to Hilda Hein dated February 13, 1947, did not affect or disturb the judgment lien of appellee on the interest of the judgment debtor in the real estate and the deed was necessarily subject and subordinate to the lien of the judgment. In Lessert & Steele v. Sieberling & Co., *supra,* it is said: "Purchasers from such judgment debtor, who have actual or constructive notice of the lien, take the

property charged with the lien." See, also, Wollmer v. Wood, *supra;* Glissmann v. McDonald, 128 Neb. 693, 260 N. W. 182.

The grantee in the deed from Edward H. Hein had constructive and probably actual notice of the judgment of appellee at the time of the execution and delivery of that deed. The judgment was properly exhibited by the records of the district court in which it was rendered commencing with September 23, 1932, and at all times thereafter. The judgment of appellee became a valid, subsisting lien on the joint tenancy interest of Edward H. Hein on February 21, 1946, and since February 13, 1947, when Edward H. Hein and Hilda Hein voluntarily destroyed the joint tenancy by their deed of that date of the interest of Edward H. Hein. Appellee, because of lapse of time, is not now in a position to question the validity and effect of that deed because of the statute of limitations. The appellant was entitled to have his title to the real estate herein quieted in fee simple subject to the lien of the judgment of appellee rendered against Edward H. Hein in the district court for Dodge County as above described on an undivided half of the real estate. This is the effect of the findings and judgment of the trial court and no cross-appeal was taken by appellee.

The judgment should be and it is affirmed.

AFFIRMED.

SIMMONS, C. J., dissenting.

The court holds that the judgment is a lien on an "undivided half of the real estate."

The chain of title of this property may be briefly stated. Edward Hein and Hilda Hein received title to this property as joint tenants with right of survivorship.

According to the authority quoted by the court, with which I agree, each had "an undivided share of the whole estate" and not "the whole of an undivided share."

The judgment attached to that "undivided share of the whole estate" as the court holds.

Mr. and Mrs. Hein conveyed to Mrs. Hein. The conveyance of necessity was subject to the judgment against the "undivided share of the whole estate."

The conveyance created an estate "in fee simple" in Mrs. Hein. The court so holds, for it quiets title in her devisee "in fee simple."

The court then carves out of that fee simple title the "whole of an undivided share" and holds that the lien attached to it. That creates the attribute of a tenancy in common.

Such an estate is not shown to have existed in this chain of title until this judgment appears. Edward H. Hein never had a tenancy in common interest. He never owned "an undivided half" of the real estate. His conveyance did not create such an interest. He was the owner first as a joint tenant and then after the deed held no interest in the title. There never was a whole of an undivided share to which the lien of the judgment could attach.

I would hold that the judgment attached to the estate and the only estate created by the deed of Mr. and Mrs. Hein. That estate is the fee simple estate which the court recognized and quiets in Mrs. Hein's devisee.