# Leonard & Wife *v.* Forcheimer & Lassabe.

*Bill in Equity by Judgment Creditor to set aside Voluntary Conveyance.*

*Voluntary conveyance.* — A voluntary conveyance is void as against existing creditors, and will be set aside in equity at the instance of a creditor who has exhausted his legal remedies; and the fact that the debtor has other property, which might be subjected to the payment of his debts, is not available as a defence to such a bill, unless presented by cross-bill on the part of the beneficiaries under the deed.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. A. W. DILLARD.

GEO. N. STEWART, for appellant, cited Story's Equity, § 362; Kerr on Fraud, 204–6, and note; 7 Wendell, 436; 2 Cowper, 435; 6 Iredell, 41; 7 Iredell, 341; 8 Cowen, 406; 6 Paige, 526; 1 Conn. 525; 1 Stewart, 67.

BOYLES & OVERALL, *contra,* cited *Foote* v. *Cobb,* 18 Ala. 594; *Gannard* v. *Eslava,* 20 Ala. 744; *Stiles & Co.* v. *Lightfoot,* 26 Ala. 444; *Pharis* v. *Leachman,* 20 Ala. 676; *Dargan* v. *Waring,* 11 Ala. 994; *Roper* v. *McCook,* 7 Ala. 324; *Morgan* v. *Crabb,* 3 Porter, 473; 20 John. 564.

B. F. SAFFOLD, J.— The appellees having recovered a judgment against the appellant Leonard, an execution issued upon it was returned "No property." They then filed their bill in equity, to subject to its payment some real property which the said defendant had conveyed to a trustee for the benefit of his wife and children. This conveyance was prior to the judgment, but subsequent to the debt upon which it was rendered. The defendants admitted that the conveyance was voluntary, and intended by them to be subject to the judgment. But they say Leonard had other property, out of which the complainant's demand might have been satisfied. On this point it was in evidence that when the sheriff applied to Leonard for property to be levied on, he replied that he had settled some on his family, but he had other property which the sheriff might hunt for and find. This is material only in respect to the right of the defendant in execution to designate the property which he will have first sold, under section 2864 of the Revised Code. The chancellor granted the relief asked by the complainants, and his decree is now assigned as error.

A. voluntary conveyance is inoperative against existing creditors, and it is competent for the Chancery Court to set it aside in their favor. *Stiles* v. *Lightfoot*, 26 Ala. 443. As this deed was free from fraudulent intent, the beneficiaries might, by a proper cross-bill, have subjected other property of the grantor first to the satisfaction of the judgment, by bringing it within the jurisdiction of the court. Without such a bill the defendants can only pray to be discharged. The defendant in execution has no equity to divert the writ from property undoubtedly subject to it, to other property of which there may be doubt. If he had other property, which he preferred should be sold, he ought to have shown it to the sheriff, or sold it himself and paid the debt.

The decree is affirmed.