FRANK THOMPSON, EXECUTOR, ET AL., APPELLEES, V. EVALINE LA RUE ET AL., APPELLANTS.

FILED JANUARY 24, 1900. No. 9,092.

1. Creditors' Bill: DEFENSE: EVIDENCE. A judgment was obtained in the county court of the county in which the judgment debtors resided, and a transcript thereof filed in the district court, upon which execution was duly issued and returned *nulla bona*. Action in the nature of a creditors' bill was begun, and the debtors answering alleged and offered proof of ownership of a small tract of real estate of uncertain value in another county subject to execution. Evidence examined, and *held* insufficient to defeat plaintiffs' right of recovery in their equity action.

2. ——: ——: ——. *Held*, That the exhaustion of the remedy at law against an indorser on the instrument merged into judgment, and who was not a party to the judgment proceedings, is not essential to the maintenance of an equitable action against the judgment debtors.

3. ——: ——: ——. *Held*, That the judgment is sustained by the evidence.

APPEAL from the district court of Fillmore county. Heard below before HASTINGS, J. *Affirmed.*

*Charles H. Sloan,* for appellants.

*F. B. Donisthorpe, contra.*

HOLCOMB, J.

A judgment was obtained in the county court, in the county in which the judgment debtors resided, and a transcript thereof filed in the office of the clerk of the district court for the same county. An execution on the judgment was issued out of the district court, and delivered to the sheriff of the county, and by him returned indorsed: "After diligent search, I am unable to find anything on which to levy." The judgment creditors thereupon began proceedings, in an equitable action, to set aside an alleged fraudulent transfer of real estate and subject the same to the satisfaction of the judgment debt. The plaintiffs, appellees, pleaded in their petition the procurement of the judgment; that it remains in full force and unsatisfied; the issuance and return of the execution unsatisfied; the insolvency of the judgment debtors; and the alienation of the real estate, described in the petition, without consideration, and for the purpose of hindering, delaying and defrauding the creditors of the vendors. Although the sufficiency of the petition is challenged, we think it contains all necessary averments.

The appellants, the judgment debtors and their vendees, after generally denying the allegations of the petition, aver that the transactions complained of were made

in good faith, for a valuable consideration, and with no intention to defraud the creditors of the vendors. In addition to these general allegations, the judgment debtors, being husband and wife, in their separate answer, pleaded "that the real estate for which the original debt was contracted to the plaintiff is in the state of Nebraska, is subject to levy of execution, and said original indebtedness was secured by mortgage thereon." It may here be mentioned that the plaintiffs, in their equity action, sought to subject to the satisfaction of their judgment other real estate than that involved in the appeal proceedings, and that as to such property the court found the same to be a homestead, and not subject to fraudulent alienation. All parties acquiescing in the judgment of the court regarding such property, no further mention need be made of it. . .

With respect to the real property involved in this appeal the court finds the facts as follows: "The court further finds that on or about the 16th day of November, 1895, the defendant George A. La Rue, being joined by the co-defendant Evaline La Rue, conveyed by deed of general warranty to the said co-defendant Alettie Edmindson, the following described real estate, to-wit: Lot number 20 in W. V. Fifield's subdivision of lot number 15 in the village [now city] of Geneva, Fillmore county, Nebraska. The court also finds that said pretended conveyance was without consideration, and for the purpose of defrauding the creditors of the said George A. La Rue and Evaline La Rue, and hindering and delaying them in the collection of their debts; that said deed was fraudulent, and vested no title in and to said real estate in the said Alettie Edmindson; and that the said Alettie Edmindson took no title to said real estate by virtue of said warranty deed, and that the said George A. La Rue was the lawful owner of the said real estate at the time of the rendition of the aforesaid judgment. The court finds that by reason of the filing of the transcript of the said judgment in the office of the clerk of the district court

of said county, the judgment became and is a valid and subsisting lien on the aforesaid real estate. The court also finds that the said warranty deed from George A. La Rue and wife to the said Alettie Edmindson is a cloud on the title to said real estate, in fraud of the rights of . this plaintiff as judgment creditor, and that plaintiff is .entitled to have same removed of record." The court found due the plaintiffs on the judgment $532.80, with interest and costs, and rendered judgment annulling the transfer, decreeing the title of the property to be in the said George A. La Rue, and that the judgment is a valid lien against the same. From this judgment defendants appeal.

It will be observed that the defendants, vendees of the judgment debtors, tender no issue of ownership of property by their vendors in another county subject to execution, and as to them they can not now be heard to urge that the action in equity should abate until such property is taken by the ordinary process of execution and applied in satisfaction of the judgment, or some portion thereof. The judgment creditor, having had his execution duly issued and returned wholly unsatisfied, is entitled to maintain his equity action for the satisfaction of his debt; and the fact that the debtors may have other property in another county subject to execution would not be available to a voluntary alienee, unless properly presented by a suitable plea raising that issue. See *Leonard v. Forcheimer*, 49 Ala., 145.

It remains to be seen whether the allegation of the judgment debtors regarding their ownership of real property in the state subject to execution, and the proof thereunder, ought to defeat the plaintiff's action. It appears from the evidence that the judgment debtors had no property in the county of their residence subject to levy under an execution. This is borne out by the sheriff's return, as well as all other evidence bearing on the subject. All evidence touching any property owned by the judgment debtors subject to levy is in regard to

an acre tract of land in Lancaster county near the city of Lincoln. The question then is, had the plaintiffs exhausted all their remedies at law, or, in other words, had the debtors sufficient property subject to execution with which to satisfy the judgment and costs? It is shown that the real estate in Lancaster county is mortgaged to secure the debt which had been reduced to judgment, and which plaintiffs were trying to have satisfied by their equitable action. It is quite probable that, had its value equalled or approximated the amount of the debt, the plaintiffs would have resorted to their mortgage and by foreclosure proceedings obtained satisfaction of the debt. It also appears that the taxes levied thereon have not been paid for several years, the number thereof, or the amount of the taxes not appearing from the testimony. The defendant La Rue, being the only witness who testified as to the value of this property, testifies as follows:

"Q. What is your business?

"A. I have been farming.

"Q. During that time have you been engaged somewhat in buying and selling real estate?

"A. Yes, sir.

"Q. Do you know what the reasonable market value is now or that acre of land was in the fall of 1895?

"A. I considered—

"Q. Do you know what its fair market value was at that time or the present time?

"A. I know by inquiry of men right there; what they place it at.

"Q. I ask you the question; answer yes or no?

"A. Yes, I know.

"Q. What is the fair market value now and what was it during the fall of '95?

"A. I consider it worth the purchase price.

"Q. How much is that?

"A. $575."

Mention is made in the testimony of crop failures, general depression in business and the inability of the de-

Thompson v. La Rue.

fendants to meet the taxes assessed against the property, from all of which it may be fairly inferred that the value placed thereon by the defendant, an interested witness, was much greater than could be realized from a sale of it. While the testimony upon this point is of an indefinite and unsatisfactory character, we entertain no doubt about this property being entirely inadequate to satisfy the plaintiff's claim. From a full consideration of the evidence, it does not appear that the judgment debtors possessed sufficient property, without resort to a court of equity, to satisfy the judgment, and this view of the case is decisive of its merits.

From the foregoing it can not be said that the plaintiffs have an adequate and effective remedy at law for the satisfaction of their debt, and unless such is the case, this action is well founded, and the right to maintain it settled on both principle and authority. See *Smith v. Taylor*, 25 Nebr., 260; also, Smith, Equitable Remedies of Creditors, p. 74, sec. 50 and cases therein cited.

Some evidence was offered and reference made by counsel in their briefs as to the liability of the indorser upon the note merged into the judgment which forms the basis of the equitable action, and it is suggested that the plaintiffs had not exhausted their legal remedy against such indorser. Suffice it to say that this question was not raised by the pleadings, and that plaintiffs having obtained their judgment, the defendants are now precluded from defeating an action for its satisfaction by urging that others are also liable on the instrument on which the judgment was founded. See *Storm v. Waddell*, 2 Sandf. Ch. [N. Y.], 494. The judgment of the trial court is amply supported by the evidence, and is, therefore,

                                        AFFIRMED.