## WARREN COCHRAN ET AL. V. L. LETITIA COCHRAN.

FILED JULY 10, 1901. No. 10,084.

Commissioner's opinion, Department No. 2.

1. **Finding of Execution Duly Issued by Proper Court and of Return Nulla Bona Sufficient.** Upon proceedings in error from a decree in equity, the error assigned in the motion for new trial being that the decision is contrary to law, the finding that execution was duly issued out of the proper court, directed to the sheriff and against the proper defendant in execution, and that the execution was returned unsatisfied, is a sufficient finding that defendant had no property subject to execution.

2. **Court May Subject Beneficial Interest in Realty to Payment of Judgment.** If a defendant owns real estate having the entire beneficial interest therein, the legal title being in another, a court of equity may, in proper proceedings, subject such real estate to the payment of a judgment against the owner without finding that the title was so placed in another with fraudulent intent.

3. **Finding of Facts Sufficient, of Fraudulent Intent Not Necessary.** If the court finds all of the facts from which the law will infer a fraudulent intent, a decree based thereon will not be reversed as contrary to law because the court failed to state in its finding that the fraudulent intent existed.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J. *Affirmed.*

*B. F. Cochran,* for plaintiffs in error.

*Jno. Porter, Bartlett & Baldrige* and *William V. Allen,* contra.

SEDGWICK, C.

This action was begun in the district court for Douglas county. It was tried to the court without a jury, and there were findings and decree in favor of the defendant in error, L. Letitia Cochran. The decree was entered on the 1st day of June, 1897, and directed the sale of the land involved in the suit upon an order for the payment of permanent alimony in favor of this defendant in error and against the plaintiff in error, Warren Cochran, and the defendants in the court below prosecute in this court a petition in error from the decree.

Nearly all the questions argued in the briefs upon the petition in error may be disposed of by the suggestion that no bill of exceptions nor any pleadings appear in the record. There is in the motion for a new trial in the court below an assignment of error that "the decision of the court is contrary to law," and in the assignments of error in this court it is alleged "The decision of the court expressed in the decree is contrary to law and the court erred in rendering judgment for the plaintiff," and "The decision of the court is not sustained by the findings," and upon these assignments of error it is argued in the brief that the finding of the trial court, that the defendant had not sufficient property to satisfy an execution, is not sufficiently definite. The court found that the execution was duly issued out of the proper court and directed to the sheriff against the proper defendant in execution, and that the execution was returned unsatisfied, and we do not think it can be said that the decree is contrary to law on account of any insufficiency in this finding.

It is next urged that the decision is contrary to law, because as to one of the pieces of property described therein there was no finding of fraud, and the judgment seeks to subject an equitable interest of defendant. The finding was "That the title to [describing the land] is in the name of the defendant Elmer G. Cochran in trust for the defendant Warren Cochran and that Warren Cochran is the owner of all the beneficiary interest in and to the said premises and that the said defendant Warren Cochran is not in possession of the said premises and that the said property is subject to the payment of said debt." In the absence of the evidence and the pleadings, we can not say that this is not a sufficient finding to support the decree directing the sale of the land upon the judgment against Warren Cochran. If the judgment debtor owns real estate, the legal title to which is in another, but without any beneficiary interest, and the judgment debtor owns all the beneficiary interest in the land, a court of equity may, in proper proceedings, direct the defendant's interest in the

land to be sold whether or not the title was so placed in the third person with fraudulent intent. If the result is to prevent the creditor from enforcing his claim against the land, the impediment may be removed by a court of equity and the land sold to satisfy the judgment.

In regard to another piece of real estate embraced in the decree it is objected that although it is found that the co-defendant paid a valuable consideration for the land the court subjects the whole estate to the payment of the judgment without finding fraudulent intent on the part of the purchaser or that he knew of fraudulent intent on the part of the seller. It is true the words "fraudulent intent" do not appear in this finding, but the court finds the facts in detail, from which it appears that the fraudulent intent must have existed, and this finding is, we think, sufficient to justify the decree. Upon this point many references are made in the briefs to the pleadings in the case, which of course can not assist us, as the pleadings do not appear in this record.

There are no errors discussed in the briefs which were brought to the attention of the trial court by the motion for a new trial, and we recommend that the decree of the trial court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.