ROBERT BUSSING v. W. E. TAGGERT.

FILED MAY 3, 1905. No. 13,790.

1. **County Court. JURISDICTION.** A county court does not lose jurisdiction in an action, not within the jurisdiction of a justice of the peace, by reason of the fact that at the hour to which such action had been continued the county judge was not present in his office and did not appear for more than one hour thereafter.

2. **Judgment:** COLLATERAL ATTACK. The fact that a county judge in an action pending before him not within the jurisdiction of a justice of the peace, was not present in his office at the hour to which such cause had been continued and for more than one hour thereafter, and that he thereafter, in the absence of the defendant, rendered judgment in said cause against the defendant as of the hour and day to which said cause had been continued, does not render such judgment void or open to collateral attack.

3. ————: REVIVOR. The fact that the transcript of a judgment rendered in a county court was filed in the office of the clerk of the district court after the judgment had become dormant did not prevent the district court from acquiring jurisdiction of the proceedings to revive the judgment. *Furer v. Holmes, ante,* p. 393.

ERROR to the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*George W. Fox,* for plaintiff in error.

*E. A. Cook, contra.*

JACKSON, C.

On April 9, 1895, defendant in error filed his petition in the county court of Greeley county, praying judgment against the plaintiff in error for an amount in excess of the jurisdiction of a justice of the peace. Summons was duly issued and served requiring an answer on the 6th day of May following. On that date plaintiff in error filed his answer, together with an application for continuance, and the case was continued until May 18 at the hour of one o'clock P. M. From the record it appears that on the 18th day of May, 1895, at one o'clock P. M., plaintiff appeared by his attorney, and defendant appeared by his attorney, and that a trial was had to the court, which resulted in a judgment favorable to the defendant in error for the sum of $512.12. A transcript of the judgment was filed in the office of the clerk of the district court for Dawson county on the 24th day of January, 1903, the judgment having in the meantime become dormant. On the 23d day of February, 1903, defendant in error instituted proceedings in

the district court for Dawson county to have the judgment revived. A conditional order of revivor was made and served on the plaintiff in error in Dawson county, requiring cause to be shown within thirty days why the judgment should not be revived; and on the 1st day of April, 1903, plaintiff in error filed a showing in the nature of an answer, wherein the allegations material to the consideration of the case were: That on the 18th day of May, 1895, he, together with his counsel, went to the office of the county judge of Greeley county, at the hour of one o'clock P. M., and remained there and where they could see into said office continuously from that time until after two o'clock P. M. of said day, prepared and ready to try said cause; that at no time during such time was said county judge or said plaintiff, or any attorney or any agent for him, in said office, or where the plaintiff in error or his said attorney could see them or any of them; and that the judgment was not rendered or entered until after that time, but was falsely, wrongfully and wilfully entered by said county judge, and by him entered on his docket as of the date of May 18, 1895, at one o'clock P. M., and during the absence of both the plaintiff in error and his attorney, and without the knowledge or consent of either of them, and without notice thereof. It is also alleged that the answer filed in his behalf stated a meritorious defense, which he could have sustained by testimony; and that the transcript of the judgment was not filed in the office of the clerk of the district court for Dawson county until after the expiration of more than five years after the date of its pretended rendition and entry, and that no execution had ever been issued on said judgment. To this answer the defendant in error filed a general demurrer, which was sustained in the district court, and the plaintiff in error elected to stand on his answer; a judgment of revivor was duly entered, from which this proceeding in error was instituted.

Error is predicated upon the order sustaining the demurrer and the judgment of revivor. Two questions are discussed by the plaintiff in error. It is first contended

that the judgment was procured by fraud perpetrated by
the county judge; that it appears from his answer in the
revivor proceedings, and is admitted by the demurrer, that
the judge was absent from his office at the hour of one
o'clock P. M. on the 18th day of May, 1895, and for more
than an hour thereafter; and that by reason of that fact
the county court lost jurisdiction, and that the judgment
afterwards rendered was void; second, that the judgment
having become dormant before the transcript was filed in
the district court for Dawson county, such court was with-
out jurisdiction to entertain the application to revive the
judgment. It does not appear that either of these conten-
tions are well founded.  County courts are by law vested
with jurisdiction concurrent with the district court in
civil cases in any sum not exceeding $1,000, exclusive of
costs.  It is the duty of the county court to hold a regular
term at the county seat, commencing at nine o'clock A. M.
on the first Monday of each calendar month, for the trial
of such civil actions brought before such court as are not
cognizable before a justice of the peace, and such term
shall be deemed to be open without any formal adjourn-
ment thereof until the third Monday of the same month,
when all cases not then finally determined shall be con-
tinued to the next regular term, and the provisions of the
code relative to the trial docket in the district court, as
far as they are in their nature applicable, apply to the
calendar of the county court.  By section 28, chapter
20, Compiled Statutes, 1903 (Ann. St. 4811), it is pro-
vided that when, for any cause, the probate judge fails
to attend at the commencement of any regular term, or
at the time when any cause is set for trial, or the time to
which any cause may be continued, the parties shall not
be obliged to wait more than one hour, and, if he does not
attend within the hour, the parties in attendance shall be
required to attend at nine o'clock A. M. of the following
day, and if such judge shall not attend at that time the
cause shall stand continued until the first day of the next
regular term.  It must be apparent from an examination

of these provisions of the statute that the failure of the county judge to appear at the time to which the cause had been continued did not divest the court of jurisdiction, and that notwithstanding his failure to appear the cause still stood for trial at nine o'clock A. M. on the following day. It follows therefore that the answer of the plaintiff in error in the revivor proceedings should not only have shown an appearance at the hour of one o'clock P. M. on the 18th day of May, 1895, and his presence there for one hour thereafter, but that he also appeared at the hour of nine o'clock A. M. on the following day, because the failure of the judge to appear at his office on the 18th day of May, 1895, was not jurisdictional, and the most that might be said of the entry of the judgment as of the hour of one o'clock P. M. on the 18th day of May, 1895, is that it was an irregularity, which might and should have been taken advantage of by the plaintiff in error in an application to set the judgment aside. It is not such an irregularity as would invalidate the judgment or subject it to collateral attack, as it is sought to do in this proceeding.

As to the contention of the plaintiff in error that, the judgment having become dormant before the transcript was filed in Dawson county, the district court for that county was without jurisdiction to entertain an application to have the judgment revived, such contention seems equally without merit. It could certainly result in no prejudice to the plaintiff in error that the application to revive the judgment was made in the county where he appears to have then resided, and where personal service of the conditional order could be made. It would seem rather to be more favorable to him, as he was thereby enabled to contest the revivor without leaving the county of his residence. The identical question, however, seems to have been determined adversely to his contention in this court. In *Furer v. Holmes, ante*, p. 393, it was held that, where the transcript of a judgment in justice court was filed in the office of the clerk of the district court after the judgment had become dormant, it did not prevent the dis-

trict court from acquiring jurisdiction of proceedings to revive the judgment.

We recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.