JAMES F. HILTON, APPELLEE, v. THE FIRST TRUST COMPANY OF YORK, YORK, NEBRASKA, A CORPORATION, AS EXECUTOR, ET AL., APPELLANTS.

36 N. W. 2d 571

Filed April 1, 1949. No. 32516.

*Kirkpatrick & Dougherty,* for appellants.

*Perry & Ginsburg* and *John D. Zeilinger,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

James F. Hilton brought this action in the district court for York County against The First Trust Company of York, of York, Nebraska, as such, and as executor of the estate of Anna J. Morrison, deceased, and Thomas C. Bradley, Jr.

The purpose of the action is to impound a sufficient amount of the funds due Bradley, under and by virtue of a legacy provided for him in the last will and testament of Anna J. Morrison, deceased, and which are in the hands of the executor of said estate, to satisfy an unsatisfied judgment rendered by the county court of Box Butte County in favor of Hilton and against Bradley. The estate of Anna J. Morrison, deceased, is being probated in the county court of York County.

The trial court entered its decree in favor of the plaintiff. The defendants filed their motion for new trial and appeal from the overruling thereof.

The facts are not in dispute. On March 3, 1936, the appellee obtained a judgment in the county court of Box Butte County, Nebraska, against the appellant, Bradley, in the amount of $321.05 with interest and costs. Thereafter, on March 4, 1940, that court issued an execution thereon which was returned unsatisfied.

Afterward, on January 13, 1945, a certified transcript of that judgment was filed in the office of the clerk of the district court for Box Butte County, and, on February 9, 1945, that court issued an execution thereon. This execution was returned unsatisfied.

On January 16, 1945, there was filed in the office of

the clerk of the district court for York County, Nebraska, a certified transcript of this judgment from the district court for Box Butte County. Execution was issued thereon by the clerk of the district court for York County on January 16, 1945, and was by the sheriff of that county returned unsatisfied.

On July 19, 1947, the appellee brought this action against the executor of the estate to reach assets of his judgment debtor; a sufficient amount being then in its possession to satisfy the judgment, interest, and costs.

"A creditors' suit may be maintained to impress a lien upon the distributive share of a judgment debtor in a decedent's estate, which is in process of administration in the county court, and to require the administrator or executor to account for it, after order of distribution by the county court, to the clerk of the district court or to a receiver appointed for that purpose." Fremont Farmers Union Cooperative Assn. v. Markussen, 136 Neb. 567, 286 N. W. 784, 123 A. L. R. 1287. See Emerson-Brantingham Implement Co. v. Hallgren, 146 Neb. 530, 20 N. W. 2d 501.

The first question presented by the appeal is, did the issuance of an execution by the district court for Box Butte County on the judgment transcripted to it from the county court thereof and returned unsatisfied keep that judgment from becoming dormant?

In Godman v. Boggs, 12 Neb. 13, 10 N. W. 403, we said: "An execution issued by the clerk of a district court upon a transcript of a judgment of a justice of the peace or county judge and delivered to the sheriff, and by him levied upon real estate, and afterwards, before the sale, returned unsatisfied by order of the creditor in execution, will prevent the judgment becoming dormant." See, also, Glenn v. Glenn, 79 Neb. 68, 112 N. W. 321.

For further discussion and authority as to the right to revive in either the district or county court, when a judgment of a county court has been transcripted to

the district court of the same county, see Dennis v. Omaha National Bank, 19 Neb. 675, 28 N. W. 512; Garrison v. Aultman & Co., 20 Neb. 311, 30 N. W. 61; Creighton & Morgan v. Gorum, 23 Neb. 502, 37 N. W. 76; Furer v. Holmes, 73 Neb. 393, 102 N. W. 764; Bussing v. Taggert, 73 Neb. 787, 103 N. W. 430.

The second question raised by the appellants is, may a judgment rendered by a county court and transcripted therefrom to the district court of the same county be, by the district court, transcripted to the district court of any other county?

In view of our holding in Lamb v. Sherman, 19 Neb. 681, 28 N. W. 319, we find such procedure to be proper. Therein we held: "A judgment was rendered in the county court of J. county, and a transcript thereof filed in the district court of said county, and a duly certified transcript from the district court of J. county was filed in the district court of T. county Feb. 19, 1876. In January, 1878, the debtor and his wife conveyed their real estate in T. county to one S., the deed being acknowledged and recorded May 6th, 1878. Held, That the real estate was subject to the lien of the judgment."

Even if the statutes cited by appellants with reference to the foregoing could be otherwise construed we would not, in the absence of legislative change relating directly thereto, overrule the long established judicial construction thereof, which holdings may affect vested property rights, unless such holdings are clearly wrong. Such we do not find to be the fact.

In an equity suit in aid of execution, in the absence of any showing to the contrary, the plaintiff's burden of showing the exhaustion of his legal remedies is satisfied by proof of an execution returned unsatisfied.

As stated in Thompson v. La Rue, 59 Neb. 614, 81 N. W. 612: "The judgment creditor, having had his execution duly issued and returned wholly unsatisfied, is entitled to maintain his equity action for the satisfaction of his debt; * *.*." See, also, Cochran v. Cochran, 62

Neb. 450, 87 N. W. 152, and Coffield v. Parmenter, 2 Neb. (Unoff.) 42, 96 N. W. 283.

We find no error in the trial court's proceedings and judgment and the same are therefore affirmed.

AFFIRMED.