STATE OF NEBRASKA, APPELLEE, V. PAUL B. ALLEN, APPELLANT.

255 N. W. 2d 278

Filed June 29, 1977. Nos. 41097, 41098.

David L. Herzog and William T. Weisbecker, for appellant.

Herbert M. Fitle, Gary P. Bucchino, and Richard L. Dunning, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCown, J.

Defendant was charged in the municipal court of Omaha with illegal possession of liquor; giving or selling liquor to evade the law; and providing gambling facilities in violation of ordinance. Defendant's motions to suppress the evidence and dismiss the complaints were overruled. On trial in municipal court, defendant was found guilty of illegal possession of liquor and of providing gambling facilities in violation of ordinance, and was fined $50 on each count. Defendant was acquitted on the charge of giving or selling liquor to evade the law. Defendant appealed to the District Court and that court affirmed the municipal court determinations.

At about 2:30 a.m., on May 30, 1976, five Omaha police officers in plain clothes went to a building in North Omaha in the course of an investigation of illegal possession of liquor and gambling violations. Substantial numbers of people had previously been observed entering and leaving the building. The officers had no warrant for a search. Through the window, between the curtains, the plainclothes officers could see people milling around and considerable activity of some kind going on but could not determine exactly what the activity was. They tried the door but found it locked. They knocked on the door. The door was opened and a man let them in. The officers testified that the defendant let them in while the defendant testified that he had not opened the door but was standing some 12 or 14 feet away. The room inside the door contained approximately a dozen persons. There was a bar extending along one wall with partially empty liquor bottles with pour spouts sitting on and behind the bar. There was also a cash register behind the bar. There were open cans of beer and paper cups containing alcoholic beverages sitting on the bar and on tables around the room. There was also a juke box and a pool table. Further examination also disclosed

large quantities of beer in that room and another room. In the other room, six or seven people were shooting dice at a large table covered with green felt.

A woman standing behind the bar pointed out the defendant as the person in charge. She testified that she was the owner of the premises, and that defendant had an agreement with her for the use of the building as a private club in exchange for some repair work he was to do on the building. The premises had no liquor license. The defendant's testimony was that it was a private club and that he was the only officer of the club present. He testified that he was not in charge of the premises and that the gathering in the building was simply a social one in which everyone had chipped in for the liquor. The water bill for the premises was in defendant's name. The defendant and several other persons present were arrested and taken to the police station. Before he left the building, defendant unplugged the juke box and locked the front door.

Defendant's first assignment of error is that the court erred in overruling defendant's motion to suppress the evidence obtained by the police on entering the premises without a search warrant. The bill of exceptions does not contain the testimony at the hearing on the motion to suppress. In the absence of a proper bill of exceptions, any assignment of error that requires an examination of evidence cannot prevail on appeal. In such a case, the only question presented to this court is the sufficiency of the pleadings to sustain the judgment of the trial court. Boosalis v. Horace Mann Ins. Co., *ante* p. 148, 251 N. W. 2d 885. It is the duty of the appellant to prosecute the appeal by seeing that the record of the evidence in the municipal court or in the county court is properly presented in the District Court. Where no record of the evidence in the lower court is presented to the reviewing court, it is presumed the evidence sus-

tained the findings of the court. State v. Clark, 194 Neb. 487, 233 N. W. 2d 898.

Defendant's remaining assignment of error asserts that the evidence was insufficient to establish the defendant's guilt beyond a reasonable doubt. Although the evidence was circumstantial and there was some direct conflict in the testimony, the evidence was sufficient to sustain the verdict. In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. In a criminal action, this court will not interfere with a verdict of guilty based on conflicting evidence unless, as a matter of law, the evidence is so lacking in probative force that it is insufficient to support the finding of guilt beyond a reasonable doubt. State v. Thompson, *ante* p. 48, 251 N. W. 2d 387. In a jury-waived action, the judgment of the trial court on the facts has the same force as a jury verdict and will not be set aside on appeal if there is sufficient competent evidence to support it. A guilty verdict of the fact finder in a criminal case must be sustained if there is substantial evidence, taking the view most favorable to the State, to support it. State v. Lacy, 195 Neb. 299, 237 N. W. 2d 650.

The evidence in this case was sufficient to support the verdict. The judgment of the District Court was correct and is affirmed.

AFFIRMED.