STATE OF NEBRASKA, APPELLEE, V. JAY COWAN, APPELLANT.

285 N. W. 2d 113

Filed November 6, 1979. No. 42543.

David E. Veath of Fisher & Veath, for appellant.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

Defendant Cowan was found guilty in the county

court of Box Butte County of having, on September 10, 1978, in violation of section 28-411, R. R. S. 1943, committed an assault upon one Dusty Roebuck and was sentenced to a term of 14 days in the county jail. On appeal to the District Court and after trial on the record, the finding and judgment were affirmed.

On appeal to this court, the defendant assigns as error: (1) The court erred in not making a specific finding as to whether or not there existed a defense of justification under the provisions of sections 28-836 and 28-837, R. R. S. 1943, now sections 28-1409 and 28-1410, R. S. Supp., 1978, rather than simply rendering a finding of guilty. (2) The court erred in sustaining objection to questions asked of witnesses by defendant who acted as his own counsel in the county court. (3) Misconduct by the prosecutor deprived the defendant of a fair trial. (4) The court erred in not ordering and considering a presentence investigation before pronouncing sentence. We affirm.

Section 28-836, R. R. S. 1943, reads in part as follows: "Subject to the provisions of this section and of section 28-841, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." Section 28-837, R. R. S. 1943, provides in part as follows: "(1) Subject to the provisions of this section and of section 28-841, the use of force upon or toward the person of another is justifiable to protect a third person when:

"(a) The actor would be justified under section 28-836 in using such force to protect himself against the injury he believes to be threatened to the person whom he seeks to protect;

"(b) Under the circumstances as the actor believes them to be, the person whom he seeks to protect would be justified in using such protective force; and

"(c) The actor believes that his intervention is necessary for the protection of such other person."

In connection with the above statutes, we said, in State v. Eagle Thunder, 201 Neb. 206, 266 N. W. 2d 755, there is nothing in the justification for the use of force act which appears designed to change the ancient common law rule that, in order to justify the defense of self-defense, the belief that the use of force is necessary must be reasonable and in good faith.

The defendant was tried to the court without a jury. An examination of the bill of exceptions discloses no evidence which would permit a finding of justification under the above statutes. The uncontroverted facts seem to be that in the early morning hours of September 10, 1978, two persons one of whom was Roebuck, assaulted a friend of the defendant. At about the same time, they also broke the windshield of that person's motor vehicle with some object.

The defendant was not present during that altercation. However, after it had ended, the defendant was informed thereof, hurriedly left the bar where he had been, and went to the scene of the altercation. When he arrived, the parties to the earlier affair were standing together talking. The defendant got out of his motor vehicle, carrying a loaded .38 caliber revolver. He pointed the loaded weapon at Roebuck and told him not to leave the place until the police arrived. He then fired one shot in the air, and again pointed the weapon at Roebuck and told him that if he moved he would shoot his kneecap off.

The defendant testified he believed that because his friend had been assaulted, he had good reason to believe that he too might be assaulted. He argues that, therefore, justification became an issue. He testified that at one time during these events, he believed Roebuck was moving toward him. It is clear, however, this was during the time the weapon was

pointed at Roebuck. There is nothing in the foregoing evidence which could possibly justify the actions of the defendant under the provisions of the justification for the use of force act.

Even if we assume the evidence raised the issue of justification, it presented simply a factual question for the finder of fact to determine. There is no rule of law which requires the trial judge, acting as the trier of fact in a criminal case, to make any special findings of fact. "In a jury-waived action, the judgment of the trial court on the facts has the same force as a jury verdict and will not be set aside on appeal if there is sufficient competent evidence to support it. A guilty verdict of the fact finder in a criminal case must be sustained if there is substantial evidence, taking the view most favorable to the State, to support it." State v. Allen, 198 Neb. 755, 255 N. W. 2d 278.

Defendant argues he has no way of knowing if the court considered the matter of justification. It will be presumed in a jury-waived criminal trial that the judge was familiar with and applied the proper rules of law unless it otherwise clearly appears. In any event, the record of the de novo trial in the District Court indicates the matter was considered. At that time defendant was represented by counsel, briefs were submitted, and the claim of justification was clearly called to the attention of the District Court.

We have examined the assignments with reference to improper rulings on evidence and alleged prosecutorial misconduct and find them to be completely without merit. They do not warrant discussion. As to his fourth assignment, that sentence should not have been pronounced until after a presentence investigation, we simply point out that section 29-2261 (1), R. R. S. 1943, requires a presentence investigation only in the case of felony convictions. It authorizes, but does not require, an investigation

in other cases. The fourth assignment, therefore, is also without merit.

AFFIRMED.