STATE OF NEBRASKA, APPELLEE, V. PHILLIP SECRET, JR., APPELLANT.
524 N.W.2d 551

Filed December 2, 1994.   No. S-93-1039.

James R. Mowbray, of Mowbray & Walker, P.C., for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

LANPHIER, J.

Phillip Secret, Jr., was charged with first degree murder for his part in the killing of Deron Haynes. Following a bench trial, the district court for Lancaster County adjudged Secret guilty of second degree murder and of the use of a firearm to commit a felony. Haynes was killed by a gunshot wound to the chest when shots were fired by several individuals into the trailer house Haynes was in. Secret's claims of error are based in part on the fact that the charges made against Secret were inconsistent with the charges made or found against other men involved in the shooting. The district court sentenced Secret to not less than 10 years' imprisonment to life on the murder charge and 4 to 6 years' imprisonment on the use of a firearm charge, with the sentences to be served consecutively.

In his appeal to this court, Secret challenges his second

degree murder conviction. Secret asserts that, because two other individuals involved in the killing were convicted in their separate trials of second degree murder, the State was estopped from proceeding with a first degree murder charge against him. Specifically, the principal, JaRon Dean, was convicted of second degree murder. See *State v. Dean, ante* p. 869, 523 N.W.2d 681 (1994). Secret further asserts the district court erred in convicting Secret of second degree murder without specifically finding that Dean killed the victim with malice. Finally, Secret challenges the district court's determination that he had aided and abetted Dean in an intentional killing. We affirm Secret's conviction for second degree murder. However, pursuant to *State v. Martin, ante* p. 896, 524 N.W.2d 58 (1994), we vacate his sentence because it was an indeterminate sentence imposed without statutory authority. This matter is remanded to the district court for resentencing for a determinate sentence as provided by the law.

## BACKGROUND

This case arose initially out of a dispute over a hit-and-run traffic accident on October 21, 1992. The dispute escalated and ultimately ended with the death of Haynes. The facts are set out in *State v. Dean, supra*, and are only briefly recited here.

The day after the accident, Secret and some of his friends set out to find and confront the other party involved in the hit-and-run accident. The group traced the owner of the car, Haynes, by locating the car at an automobile body shop.

Secret apparently decided not to handle the matter through available legal means, but to proceed on his own. Secret confronted Haynes at the body shop. Haynes responded to the confrontation by going to the trunk of his car and pulling out a small handgun. Secret and his friends retreated and went to Secret's house in order to get a gun. Armed with a 12 gauge shotgun, the group set out a second time with the intent to find and confront Haynes. Secret testified that he armed himself only because he wanted to ask Haynes more questions and he thought the shotgun would prevent Haynes from pulling out his own weapon.

Secret learned that Haynes could be found at a trailer park

located near the intersection of 27th Street and Cornhusker Highway in Lincoln. The group located Haynes' trailer, but no one responded to Secret's shouts to come out and talk. After leaving the trailer park, the group went to a McDonald's restaurant, where they saw Haynes with others in the parking lot. One of Secret's friends grabbed the shotgun, and the two of them ran toward Haynes. Haynes sped off in a blue car.

Afterward, Secret and his friends spent several hours playing basketball and discussing the accident and the encounters with Haynes. Secret indicated he wanted to confront Haynes again, and his friends offered to back him up if they were supplied with guns. Secret was able to obtain a .38-caliber semiautomatic pistol, a 12 gauge shotgun, a .22-caliber revolver, and an AK-47 assault rifle. Thus armed, the group drove to the trailer park for the third and fatal encounter with Haynes.

At the trailer, Secret and his friends parked their automobile and distributed the weapons among themselves. Secret was unarmed, but directed the others to surround the trailer as he approached the door. As Secret was peeking in a window on the east side of the trailer, he heard repeated shots from the opposite side. Haynes was inside the trailer and suffered a fatal gunshot wound to the chest as he was in or arising from a chair. The investigation indicated that Dean fired the fatal bullet into the occupied trailer home with the AK-47 assault weapon.

Secret was charged with first degree murder in the death of Haynes. Secret was also charged with the use of a weapon to commit a felony.

Secret was the third individual tried on charges which arose from the same incident at the trailer park. See, *State v. Dean, ante* p. 869, 523 N.W.2d 681 (1994); *State v. Anderson*, 94 NCA No. 16, case No. A-93-746 (not designated for permanent publication). Prior to his trial, Secret moved to invoke collateral estoppel. Secret argued that the others' second degree murder convictions in the death of Haynes collaterally estopped the State from prosecuting him under an aiding and abetting theory of first degree murder. The district court overruled the motion to invoke collateral estoppel on August 16, 1993.

## ASSIGNMENTS OF ERROR

Secret asserts the district court for Lancaster County erred (1) in denying Secret's motion to invoke collateral estoppel and failing to dismiss the charge of first degree murder; (2) in determining that Secret had aided and abetted Dean in an intentional killing; (3) in determining that Dean had committed an intentional killing, rather than manslaughter; and (4) in convicting Secret of second degree murder without making a specific finding that the victim had been killed with malice.

## STANDARD OF REVIEW

The applicability of the doctrine of collateral estoppel constitutes a question of law. With regard to such a question, an appellate court is obligated to reach a conclusion independent from the lower court's conclusion. *Dean, supra*; *Kopecky v. National Farms, Inc.*, 244 Neb. 846, 510 N.W.2d 41 (1994).

In determining whether evidence is sufficient to sustain a conviction in a bench trial, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented, which are within a fact finder's province for disposition. A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. The trial court's findings have the effect of a verdict and will not be set aside unless clearly erroneous. *Dean, supra*; *State v. Hand*, 244 Neb. 437, 507 N.W.2d 285 (1993); *State v. Crowdell*, 241 Neb. 216, 487 N.W.2d 273 (1992).

The presence or absence of malice is a factual issue. *Dean, supra*. See *State v. Jones*, 245 Neb. 821, 515 N.W.2d 654 (1994). However, whether a finding is sufficient to support a judgment is a question of law. *Dean, supra*. See *Cochran v. Cochran*, 62 Neb. 450, 87 N.W. 152 (1901).

An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal but is plainly evident from the record and which is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Myers*, 244 Neb. 905, 510 N.W.2d

58 (1994); *State v. Bell*, 242 Neb. 138, 493 N.W.2d 339 (1992).

A sentence of imprisonment that is within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Martin, ante* p. 896, 524 N.W.2d 58 (1994); *State v. Hoffman, ante* p. 265, 517 N.W.2d 618 (1994); *Hand, supra*.

## COLLATERAL ESTOPPEL

Secret asserts that the district court erred in denying his motion to invoke collateral estoppel. Secret was the third individual tried on the same charges arising from the killing at the trailer park. On Secret's motion, the Lancaster County District Court took judicial notice of State v. Anderson, docket 84, page 126, and State v. Dean, docket 84, page 127, including all "pleading motions, orders and testimony," for the limited purpose of Secret's invocation of the doctrine of collateral estoppel.

Anderson and Dean were convicted of second degree murder for their participation in Haynes' death. Secret asserts that this fact estopped the State from prosecuting Secret for first degree murder.

"Collateral estoppel" means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties or their privies in any future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970); *State v. Dean, ante* p. 869, 523 N.W.2d 681 (1994); *In re Estate of Wagner, ante* p. 625, 522 N.W.2d 159 (1994).

There are four conditions that must exist for the doctrine of collateral estoppel to apply: (1) The identical issue was decided in a prior action, (2) there was a judgment on the merits which was final, (3) the party against whom the rule is applied was a party or in privity with a party to the prior action, and (4) there was an opportunity to fully and fairly litigate the issue in the prior action. *How v. Mars*, 245 Neb. 420, 513 N.W.2d 511 (1994); *Kopecky, supra*; *McCook Nat. Bank v. Myers*, 243 Neb. 853, 503 N.W.2d 200 (1993).

This court has recognized that the doctrine of collateral estoppel may apply in criminal cases. *Dean, supra*; *State v.*

*Gerdes*, 233 Neb. 528, 446 N.W.2d 224 (1989). Here, we are urged to allow the use of nonmutual collateral estoppel. Nonmutual collateral estoppel involves the invocation of the doctrine by a nonparty to the original action. *Dean, supra*. Mutuality of estoppel is not a requirement for the application of collateral estoppel in civil cases. *JED Constr. Co., Inc. v. Lilly*, 208 Neb. 607, 305 N.W.2d 1 (1981); *Peterson v. The Nebraska Nat. Gas Co.*, 204 Neb. 136, 281 N.W.2d 525 (1979).

In *Dean*, we rejected the proposition that a nonparty criminal defendant was afforded nonmutual collateral estoppel by the Constitutions of the United States or the State of Nebraska. Secret does not assert that he has a constitutional right to the assertion of nonmutual collateral estoppel. Regardless, Secret fails to meet the first part of the four-part test governing the applicability of the doctrine. Secret fails to establish that an identical issue was decided in the trials of Anderson or Dean.

The fact that Anderson and Dean were convicted of second degree murder did not estop the State from prosecuting Secret for first degree murder. As fully explained in the next section, the issue of Secret's intent is distinct from the issue of Anderson's or Dean's intent. Therefore, Secret's first assignment of error is without merit.

## AIDING AND ABETTING

Secret was charged with aiding and abetting a first degree murder. The district court held that the State had failed to prove beyond a reasonable doubt that Secret had aided and abetted a first degree murder, but held that Secret had aided and abetted a second degree murder. In his second and third assignments of error, Secret asserts the district court erred in determining that he had aided and abetted Dean in an intentional killing and in determining that Dean had committed an intentional killing rather than manslaughter. Secret's arguments are premised on the erroneous assertion that an aider and abettor cannot be convicted of a greater offense than a principal.

The common-law distinction between a principal and an aider and abettor has been abolished in Nebraska. *State v. Thomas*, 210 Neb. 298, 314 N.W.2d 15 (1981); *State v. Rice*, 188

Neb. 728, 199 N.W.2d 480 (1972). "A person who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender." Neb. Rev. Stat. § 28-206 (Reissue 1989). Aiding and abetting requires some participation in a criminal act and must be evidenced by some word, act, or deed. No particular acts are necessary, nor is it necessary that the defendant take physical part in the commission of the crime or that there was an express agreement to commit the crime. Mere encouragement or assistance is sufficient. *State v. Sanders*, 241 Neb. 687, 490 N.W.2d 211 (1992); *State v. Bennett*, 219 Neb. 601, 365 N.W.2d 423 (1985); *State v. True*, 210 Neb. 701, 316 N.W.2d 623 (1982).

Secret argues that the prosecution had to prove beyond a reasonable doubt (1) that Secret helped or encouraged Dean to intentionally kill Haynes; (2) that Secret knew Dean intended to commit the crime; and (3) that Dean, in fact, intentionally killed Haynes. However, when a crime requires the existence of a particular intent, an alleged aider or abettor can be held criminally liable as a principal if it is shown that the aider knew that the perpetrator of the act possessed the required intent, *or that the aider himself possessed the required intent. State v. Carter*, 241 Neb. 645, 489 N.W.2d 846 (1992); *State v. Dittrich*, 191 Neb. 475, 215 N.W.2d 637 (1974). An aider and abettor can be convicted of any crime, even a greater offense than the principal, provided the conviction is supported by the evidence of the facts and the defendant's state of mind. *Thomas, supra.* Therefore, Secret's conviction could be based on Dean's intent or Secret's own intent.

Secret urges this court to examine the evidence and conclude that the State failed to prove that Secret intentionally and maliciously aided and abetted Dean in the killing of Haynes. Intent may be inferred from the words or acts of the defendant and from the circumstances surrounding the incident. *State v. Russell*, 243 Neb. 106, 497 N.W.2d 393 (1993); *State v. Rokus*, 240 Neb. 613, 483 N.W.2d 149 (1992); *State v. Costanzo*, 227 Neb. 616, 419 N.W.2d 156 (1988). In determining whether evidence is sufficient to sustain a conviction in a bench trial, an appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, evaluate explanations, or reweigh

evidence presented. A conviction in a bench trial of a criminal case is sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that conviction. *State v. Dean, ante* p. 869, 523 N.W.2d 681 (1994); *State v. Hand*, 244 Neb. 437, 507 N.W.2d 285 (1993); *State v. Crowdell*, 241 Neb. 216, 487 N.W.2d 273 (1992). The district court's findings were not clearly erroneous and will not be set aside.

## SPECIFIC FINDING OF MALICE NOT REQUIRED

Secret asserts that the district court erred in convicting him of second degree murder without making a specific finding that the victim had been killed with malice. The essential elements in the crime of murder in the second degree are that the killing be done purposely and maliciously. *State v. Grimes, ante* p. 473, 519 N.W.2d 507 (1994); *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994).

A trial court sitting without a jury is not required to articulate findings of fact or conclusions of law in criminal cases. *State v. Franklin*, 241 Neb. 579, 489 N.W.2d 552 (1992); *State v. Lozano*, 209 Neb. 772, 311 N.W.2d 529 (1981); *State v. Cowan*, 204 Neb. 708, 285 N.W.2d 113 (1979). Faced with a timely request, a judge sitting as a trier of fact may state in writing the conclusions of fact separately from the conclusions of law. See *Franklin, supra*.

Although there is no indication that Secret requested the district court to make specific findings, the court did file a document entitled "Findings." In that document, the district court did not specifically state that the killing was done maliciously. However, the trial court did conclude that Secret willfully and intentionally aided and abetted Dean in the killing of Haynes by furnishing three weapons, finding the house where Haynes was staying, and directing the gunmen to that location. Further, the trial court concluded that Secret organized and directed the attack on the trailer.

It is presumed in a jury-waived criminal trial that the judge was familiar with and applied the proper rules of law unless it otherwise clearly appears. *Franklin, supra*; *Cowan, supra*. The trial court concluded "beyond a reasonable doubt that Phillip Secret, Jr. is guilty of the commission of the crime of murder in

the second degree." A specific finding of malice is not required to support this conclusion.

## SENTENCING ERRORS

Secret was convicted of second degree murder for a crime that was committed on October 22, 1992. Secret was "sentenced to the Department of Correctional Services for incarceration in the Nebraska Penal Complex for not less than ten (10) years to life, credit for 383 days served." The sentence imposed upon Secret was an indeterminate sentence.

Although Secret does not assign as error the imposition of an indeterminate sentence, an appellate court always reserves the right to note plain error which is plainly evident from the record and which is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. See, *Myers, supra; State v. Bell,* 242 Neb. 138, 493 N.W.2d 339 (1992).

Previously, indeterminate sentences could not be imposed upon one convicted of second degree murder. *State v. Martin, ante* p. 896, 524 N.W.2d 28 (1994); *State v. Ward,* 226 Neb. 809, 415 N.W.2d 151 (1987); *State v. Moss,* 219 Neb. 327, 363 N.W.2d 367 (1985); *State v. Laravie,* 192 Neb. 625, 223 N.W.2d 435 (1974). In 1993, the Legislature amended Neb. Rev. Stat. § 29-2204 (Supp. 1993), which, effective September 9, 1993, specifically altered the indeterminate sentencing for second degree murder. However, indeterminate sentences cannot be imposed when the offense was committed prior to September 9, 1993. *Martin, supra.* Secret's crime was committed 1 year prior to that date; therefore, the district court acted without statutory authority when it imposed an indeterminate sentence.

Furthermore, the court gave Secret credit for the 383 days served against his life sentence. A defendant is not entitled to credit for time served against a life sentence. *State v. Masters, post* p. 1018, 524 N.W.2d 342 (1994).

## CONCLUSION

Secret's conviction of second degree murder is affirmed, but the sentence is vacated, and this matter is remanded to the district court so that an authorized and appropriate

determinate sentence may be imposed on Secret. Upon resentencing, credit for time served may be granted pursuant to *Masters, supra*.

SENTENCE VACATED, AND CAUSE
REMANDED FOR RESENTENCING.

WRIGHT, J., concurs in the result.